Case 2—Action by Zona B. Morse against Chesapeake & Ohio
Railway Company to Recover Damages for Fright and Men-
tal Suffering.—Dec. 9.


# Morse v. Chesapeake & Ohio Ry.

117    11
f127    745

117    11
129    475

APPEAL FROM LEWIS CIRCUIT COURT.

Demurrer to Petition Sustained and Plaintiff Appeals. Af-
firmed.

Negligence—Injury from Fright—Liability.

Held:  1. No recovery can be had for personal injury resulting from
fright occasioned by the negligence of another, where there is
no immediate personal injury, trespass to real estate, or some
contract relation.

W. C. HALBERT and SAMUEL J. PUGH, for appellant.

## POINTS AND AUTHORITIES MADE AND CITED IN THE
BRIEF.

1. The petition as amended, stated a cause of action for phy-
sical injuries inflicted by appellee at the time of the catastro-
phe from impact with the person of appellant and the demurrer
should have been overruled to it is amended whatever view
this court may take of the main question involved.

2. The construction, maintenance and operation of the switch
by appellee where it was located and maintained, was a nui-
sance, *per se*. 21 Am. & Eng. Ency. of Law (2d. ed.), 682.

3. It being conceded that appellee was grossly negligent in the
construction of the switch and also in the management and op-
eration of its engine and cars thereon, and that appellant, in
consequence thereof at the time the cars were derailed off of
the end of the unguarded switch, suffered great physical and
mental injuries, she had the legal right to recover of appel-
lee all the resulting damages flowing directly from the negli-
gent act whether the physical injury was caused by an inter-
nal or external force applied to the person. And the question

whether such injury was the natural or proximate cause of the negligent acts, was a question for the jury and not the court to determine. Bell v. Great Northern Ry. Co., L. R., 26, Ir., 428; 2 Kings' Bench, 669; Mack v. South Bound R. R. Co., 52 S. C., 323, 68 Am. St. Rep., 913; Sloane v. Southern Cal. Ry. Co., 111 Cal., 668; Purcell v. St. Paul City Ry. Co., 48 Minn., 134; Harrison v. Berkley, 1 Strob., 525, 47 Am. Dec., 578; Gulf, Colorado & Santa Fe Ry. Co. v. Hayter, 93 Texas, 239; Hill v. Kimball, 76 Texas, 210; Yoakum v. Kroeger, (Texas), 27 S. W. Rep., 953; 1 Thompson on Neg., (1901 ed.), sec. 155-157; 8 Am. & Eng. Ency. of Law (2d ed.), 668; Western Union Telegraph Co. v. Van Cleave, 22 Ky. Law Rep., 53; Western Union Telegraph Co. v. Mathews, 24 Ky. Law Rep., 3.

4. It is not necessary that there should be a bruise or wound or physical pain, or even impact with the person directly from the matter set in motion by the wrongdoer in order to recover damages for physical injuries and fright, nervous shock and mental disturbance. The physical injury may be suffered in an effort to avoid the apprehended danger. 8 Am. & Eng. Ency. of Law, (2d ed.), 666; 1 Thompson on Neg., (1901 ed.); sec. 80; Consolidated Traction Co. v Lambertson, 59 N. J. L., 297; Buchanan v. West Jersey R. R. Co., 52 N. J. L., 265; Spade v. Lynn, &c. Ry. Co., 168 Mass., 285.

5. What is the proximate cause of an injury. 2 Bouvier's Law Dict. 790; Milwaukee & St. Paul R. R. Co. v. Kellogg, 94 U. S., 469, 24 L. C. P. Co., 256; 1 Shearman & Redfield on Neg., (5th ed.), sec. 26.

6. All the courts allowing a recovery in cases of negligence for fright, terror, nervous shock and mental disturbance where there has been a contact, however slight, an impact however trival; upon what logical ground can a recovery be refused and denied for the same negligence inflicting serious and permanent physical and mental injuries when the slight contact is lacking to the surface of the body only. There is no good and valid reason for the attempted distinction. The physical injury is as serious and real, and the physical injury may be caused as well by an internal force as an external one.

7. The unguarded switch of appellee and the operation of its engines and cars thereon being a nuisance *per se* as to appellant, she had a legal right to compel the appellee to abate it, and the agreement made by appellee to abate it voluntarily, was binding and enforceable in law and founded upon a sufficient consideration and the element of contract exists in the case as much so as in the line of telegraph cases, if it exists in them at all, which is denied.

Morse v. Chesapeake & Ohio Ry. Co.

JOHN G. WADSWORTH, for appellee.

### CLASSIFICATION OF POINTS AND AUTHORITIES.

There was no trespass by appellee on appellant, and she could not recover. C. F. Adams Co. v. Sanders, 66 S. W., 815.

The Texas doctrine of mental shock does not obtain in Kentucky, in personal injury cases. Dawson v. L. & N. R. R. Co., 4 Ky. Law Rep., 801; N. N. & M. V. Co. v. Gholson, 10 Ky. Law Rep., 938; City Transfer Co. v. Robinson, 12 Ky. Law Rep., 555; Mitchell v. Ry. Co., 151 N. Y., 107; 45 N. E. Rep., 354; Warren v. B., &c. R. R., 163 Mass., 484, 40 N. E., 895; Spader v. L. &c., R. R., 168 Mass., 285, 47 N. E., 88; Ewing, &c. v. P. & C. R. R. Co., 147 Pa. St., 40; 23 Atl., 340; Wyman v. Leavitt, 71 Me., 227, 36 Am. Rep., 343; Johnson v. W. F. & Co., 6 Nev., 224; R. R. Co. v. Stalices, 62 Ill., 313; Brown v. Craven, 51 N. E., 657, (Ill.); R. R. Co. v. McGinnis, 46 Kan., 109, 26 Pac., 453; Shearman & Redfield on Neg., vol. 1, sec. 761; Wood's Mayne on Damages, p. 74, note; Central Law Journal, vol. 44, p. 89.

The Kentucky telegraph cases rest upon a principle of contract. Chapman v. W. U. Tel Co., 90 Ky., 265.

E. L. WORTHINGTON, for appellee.

### POINTS AND AUTHORITIES.

A plaintiff who grounds his action on the negligence of the defendant, must show not only that the conduct of the defendant was negligent, but also that this negligence was a violation of some duty which the defendant owed to him. 1 Thompson on Negligence, sec. 3; Whitaker's Smith on Negligence, p. 3.

Fright caused by a negligent act or omission of a party does not make that act or omission a legal wrong to the party frightened, when but for the fright it would not have been a wrong to him. Nelson v. Crawford, 80 Am. St. Rep., 577; Notes to Gulf R. R. Co. v. Hayter, 77 Am. St. Rep., 860; Gulf Ry. Co. v. Trott, 40 Am. St. Rep., 866; Western Union Tel. Co. v. Van Cleave, 22 Ky. Law Rep., 53; Adams Co. v. Sanders, 23 Ky. Law Rep., 1978.

W. H. WADSWORTH, for appellee.

### CLASSIFICATION OF POINTS AND AUTHORITIES.

There can be no recovery for fright or mental shock or its

consequences, unless a cause of action, independent of those elements, exists in the first instance, that is,

(a) There must exist a contract relation; or

(b) There must exist some duty which must be broken, together with physical impact or contact with the person or his premises; or

(c) There must be a duty to the person and a breach and the person must sustain a physical injury in avoiding the threatened danger. Mitchell v. Rochester Ry. Co., 151 N. Y., 107; 45 N. E., 354; Dawson v. L. & N. R. R. Co., 4 Ky. Law Rep., 810; N. N. & M. V. Co. v. Gholson, 10 Ky. Law Rep., 938; City Transfer Co. v. Robinson, 12 Ky. Law Rep., 555; C. F. Adams Co. v. Sanders, 66 S. W., 815; Chapman v. Telegraph Co., 90 Ky., 265; Western Union, &c. Co., v. Van Cleave, 54 S. W., 827; Yoakum v. Kroeger, 27 S. W., 953; Mitchell v. Ry. Co., 25 N. Y. Supp., 744; Mitchell v. Ry. Co., 151 N. Y., 107, 45 N. E. Rep., 354; McDonald v. Snelling, 14 Allen, 290; Conklin v. Thompson, 29 Cush., 218; Ricker v. Freeman, 50 N. H., 420, 9 Am. Rep., 267; Gallagher v. Bowle, 66 Tex., 265, 17 S. W., 407; Hill v. Kimball, 13 S. W., 59; Gulf, &c. R. R. Co. v. Hayter, 54 S. W., 945; R. R. Co. v. Trott, 25 S. W., 419, 86 Texas, 412; Yoakum v. Kroeger, Supra; R. R. Co. v. Hayter, Supra; Buchanan v. Ry. Co., 52 N. J. L., 265, 19 Atl. Rep., 254; C. Traction Co. v. Lambertson, 59 N. J. Law, 297; Ward v. W., &c., R. R. Co., 47 Atl. Rep., 561; Tuttle, &c. v. R. R. Co., Ct. of Errors & Appeals, N. J., decided June, 1901, Am. Neg. Reports, vol. 10, p. 134; Bell v. Gr. North. R. R., 26 L. R. J., 428; Fitzpatrick v. Gr. West. R. R. Co., 12 U. C. Q. B., 645; Sloane v. So. Cal. R. R. Co., 111 Cal., 683, 44 Pac., 321; Razzo v. Varni, 81 Cal., 289, 22 Pac., 848; Purchell v. St. Paul City Ry. Co., 48 Minn., 134, 50 N. W., 1034; Mack v. R. R. Co., 52 So. Car., 323, 29 S. E., 905; Thompson on Negligence, secs. 156, 157; Thompson on Negligence, vol. 1, p. 152; Thompson on Negligence, vol. 1, p. 151; Thompson on Negligence, vol. 1, p. 153; New York, &c. R. R. v. Estill, 147 U. S., 591; Victorian R. R. Comrs. v. Coultas, 13 App. Cas., 222; Mitchell v. Rochester R. R. Co., 151 N. Y., 107; Ewing v. R. R. Co., 147 Pa. St., 40, 23 Atl. Rep., 340; Victorian R. R. Comrs. v. Coultas, Supra; Ewing v. R. R. Co., 147 Pa. St., 40; 23 Atl. Rep., 340; Wyman v. Leavitt, 71 Me., 227, 36 Am. Rep., 303; Railroad Co. v. Stables, 62 Ill., 313; City of Chicago v. McLean, 133 Ill., 148, 24 N. E., 527; Braun v. Craven, 51 N. E., 657; R. R. Co. v. McGinnis, 46 Kan., 109, 26 Pac., 453; Mitchell v. Ry. Co., 151 N. Y., 107, 45 N. E., 354; Spade v. Lynn & B. R. R. Co., 168 Mass., 285, 47 N. E., 88; Johnson v. W. F. & Co., 6 Nev., 224; Renner v. Canfield, 36

Morse v. Chesapeake & Ohio Ry. Co.

Min., 90, 30 N. W., Rep., 435;· Keyes v. Minn., &c. R. R. Co.,
30 S. W., 888; Spohn v. R. R. Co., 116 Mo., 617, 4 Am. Neg.
Cas., 718; Ward v. R. R. Co., supra; Tuttle, &c. v. R. R. Co.,
Supra; Haile's Curator v. R. R. Co., 60 Fed. Rep., 557; Suther-
land on Damages, Sec. 1245, vol. 3; Shearman & Redfield, vol.
2, sec. 761; Jaggard on Torts, vol. 1, pp. 369, 370; Jaggard on
Torts, vol. 1, p. 368; Wood's Mayne on Damages (Wood on
Railroads), vol, 2, p. 1239.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—AFFIRMING.

The appellant, Zona B. Morse, sought in this
action to recover damages from the Chesapeake
& Ohio Railway Company for "fright and mental suffering,"
and superinduced subsequent nervous prostration and in-
jury, although there was no contemporaneous physical in-
jury inflicted by the appellee. The facts which the plain-
tiff relied upon to support her cause of action are, in sub-
stance, that she owns a house and lot located on the west
side of Main street, in the village of Quincy, in Lewis
county, in which she resided at the time of her alleged
injury; that the street was thirty feet wide, and that ap-
pellee's depot grounds and switchyards were located im-
mediately opposite her residence, on the west side of Main
street; that, a short time previous to the commission of
the acts complained of, the appellee constructed upon its
yards a switch from its main track to the east side of the
street, directly opposite her residence; and that it failed
to erect and maintain a bumping post at the end of this
track, and that, as a consequence thereof, several of ap-
pellee's cars were backed over the end of this switch out
into the street, and within fifteen feet of her yard, and to-
wards her residence, where she was at the time, which
greatly frightened and alarmed her, and in consequence
of which she suffered such nervous prostration and physi-
cal disability as confined her to her home for more than

two months under medical treatment, and at great expense; that the injuries had been and would continue to be permanent.    The petition further alleges that appellee was grossly negligent, both in the construction of the switch, and in the operation of its trains thereon.    The court sustained a general demurrer to appellant's petition as amended, and adjudged that her petition be dismissed, and she has appealed.

The exact question presented by the appeal has not been heretofore decided by this court, but it has been decided in a number of well-considered opinions that damages can not be recovered for mental suffering alone in an action for personal injuries based on negligence, unaccompanied by some direct contemporaneous injury to person or property, or growing out of some contract relation between the parties.  See Dawson v. L. & N. R. Co., 4 Ky. Rep., 810; N. N. & M. V. Co. v. Gholson, 10 Ky. Law Rep., 938, and City Transfer. Co. v. Robinson, 12 Ky. Law Rep., 555.  These decisions are practically in accord with the great weight of authority on this question.  In fact, our attention has been called to only one case which may be considered as holding the contrary doctrine—that of Mack v. R. R. Co., 52 S. C., 323, 29 S. E., 905, 40 L. R. A, 679, 68 Am. St. Rep., 93.  On the other hand, Thompson on Negligence, sections 156, 157; 2 Shearman & Redfield on Torts, section 761; Jaggard on Torts, 369, 370; 2 Wood on Railroads, 1739— assert the contrary doctrine.  In the note to the case of Gulf, etc., R. Co. v. Hayter, 77 Am. St. Rep., 860, Judge Freeman, in an elaborate note, has collected practically all the authorities on the point up to January, 1900; and they unanimously hold that there can be no recovery for fright alone, unaccompanied by actual injury traceable directly to contemporaneous physical in-

jury. And they are almost equally harmonious that no re-
covery can be had for injuries resulting from fright caused
by negligence of another, when no immediate personal in-
jury is received. This question was fully considered by the
Court of Appeals of New York in Mitchel v. Rochester Ry.
Co., 45 N. E. 354, 34 L. R. A., 781, 56 Am. St. Rep., 604. In
that case the court said. "If it be admitted that no re-
covery can be had for fright occasioned by the negligence
of another, it is somewhat difficult to understand how a
defendant would be liable for its consequences. Assuming
that fright can not form the basis of an action, it is obvious
that no recovery can be had for injuries resulting there-
from. That the result may be nervous disease, blindness,
insanity, or even a miscarriage, in no way changes the
principle. These results merely show the degree of fright,
or the extent of the damages. The right of action must still
depend upon the question whether a recovery may be had
for fright. If it can, then an action may be maintained,
however slight the injury. If not, then there can be no
recovery, no matter how grave or serious the consequences.
Therefore the logical result of the respondent's concession
would seem to be not only that no recovery can be had for
mere fright, but also the direct consequences of it. If
the right of recovery in this class of cases should be once
established, it would naturally result in a flood of litiga-
tion in cases where the injury complained of may be easily
feigned without detection, and where the damages must
rest upon mere conjecture or speculation. . . . To es-
tablish such a doctrine would be contrary to principles of
public policy. Moreover, it can not be properly said that
the plaintiff's miscarriage was the proximate result of the
defendant's negligence. Proximate damages are such as

are ordinary and natural results of the negligence charged, and those that are usual, and therefore to be expected. It is quite obvious that the plaintiff's injuries do not fall within the rule as to proximate damages. The injuries to the plaintiff were plainly the result of an accidental and unusual combination of circumstances, which could not have been reasonably anticipated, and over which the defendant had no control, and hence her damages were too remote to authorize a recovery in this action. These considerations lead to the conclusion that no recovery can be had for injuries sustained by fright occasioned by the negligence of another, where there is no immediate personal injury." And the conclusions reached are supported by numerous authorities cited in the opinion. Besides, it is a well-settled rule of law that "a plaintiff who grounds his action upon the negligence of the defendant must show not only that the conduct of the defendant was negligent, but also that it was a violation of some duty which the defendant owed to him." See Thompson on Negligence, 3; Whitaker's Smith on Negligence, 3. The law requires that there shall be no intentional or negligent trespass upon the person or property of another, and, if this duty is violated, a cause of action exists in favor of the party whose person or property has been invaded against the violator. But there is no obligation to protect from fright and the consequence thereof, when disconnected with or unaccompanied by a legal duty. If so, a man whose house caught on fire by negligence would become liable in damages to his neighbor who became frightened for fear that the fire would spread and consume his own house. Or in case a horse was negligently permitted to escape in the streets of a town, and in consequence thereof a woman standing on the sidewalk became frightened to such an ex-

tent as to result in nervous prostration, although not in fact suffering any physical contact or injury, she would be entitled to sue the owner of the horse for damages. These cases illustrate the danger of opening the door to imaginary claims, if the rule should be adopted, and a recovery permitted for mere fright and its consequences. While the authorities are not absolutely uniform, we have reached the conclusion that no recovery should be allowed for injuries resulting from fright occasioned by negligence, where there is no immediate personal injury, trespass to real estate, or some contract relation.

Judgment affirmed.