### HUBBARD v. EHMAN et al.
### No. 9462.

Court of Civil Appeals of Texas. Galveston.
April 17, 1930.

Sewall Myer and J. H. Painter, both of Houston, for appellant.

Kennerly, Williams, Lee, Hill & Sears, of Houston, for appellees.

GRAVES, J.

This appeal challenges as error the granting below, following the hearing of evidence, of a temporary injunction—effective until final trial—restraining appellant from erecting any business building on his two and one-half lots in Hyde Park addition to the city of Houston, upon five propositions of law, which in substantial effect are:

(1) The appellees' petition for the writ awarded was obnoxious to the general demurrer and certain special exceptions directed against it, in that it did not state all essential elements entitling them to that relief, negativing every inference of the existence of facts warranting a denial of it, and did not specifically detail such facts as properly enabled the court to determine from the pleadings whether the allegations were well founded, but reflected only general averments as to the essentials of the right declared upon, which constituted mere conclusions of the pleaders and were insufficient.

(2) The Court erred in permitting the witness Greenwood to testify that the officers of the Hyde Park Improvements Company—the corporation that put the addition involved on the market and became the common source of title of all parties to the suit—stated to himself and others when buying lots therein that one particular place in Hyde Park would be used for business houses, and that no other business houses would be permitted in the addition, because the improvement company had passed and spread upon its minutes a resolution of contrary import governing its officers and agents on this subject, which minutes were available and constituted the proper evidence of the corporation's action in that matter, the contradictory statements of its individual officers—especially since they were shown to be deceased and the Corporation itself being long since dissolved—were inadmissible.

(3) The right to enforce the restrictive covenant here invoked that is "No. 1—No business houses shall ever be erected on any part of the lots herein conveyed"; is, if it exists at all, a servitude running with the land in favor of the lots owned by appellant and such servitude or burden curtailing the liberty of the owner to use and improve his property as he chooses is an interest of such magnitude as to constitute an estate in lands and, as such, must be established by evidence that meets the requirements of the statutes and must be shown to have been created as other such servitudes, interest, and estates in land are required to be created, viz, by written instrument, properly signed and acknowledged."

(4) "Where there is a general building scheme for a great number of persons and then either by permission or acquiescence or by a long chain of things the property has been entirely or so substantially changed as that the whole character of the place or neighborhood has been altered so that the whole object for which the covenant was originally entered must be considered at an end, Courts of Equity will not enforce such restrictive covenants."

(5) "The owner of a lot cannot enforce a building restriction against the owner of another lot which has been sold by a grantor where there is no general building scheme or plan and nothing in the deeds to show it was the intention of the original parties that the covenant should be for the benefit of the other lots owners and not merely for the benefit of the original grantor."

In the state of the record, we conclude none of these presentments can be sustained; the second proposition has been so recast here —the appeal being triable without a brief under R. S. article 4662—as to reflect what the context of the brief appellant has filed in this court otherwise indicates was intended, thereby to be raised, rather than anything appearing in bill of exception No. 4, upon which alone it is grounded as to the Greenwood testimony inveighed against, since that bill merely records that an objection to a question asked the witness was overruled without further showing either what his testimony was if he in fact did answer the inquiry or would have been if he did not; hence presented nothing for review. Texas Jurisprudence, volume 3, paragraph 328 at page 464, and 131 at page 195, together with footnote citations.

Like or similar procedural discrepancies appearing in relation to some of the other points are likewise treated in the effort to pass upon the merits of the controversy.

No lack of sufficiency is found in the petition of the applicants; this summary of it from appellees' brief correctly and comprehensively reproduces its material and essential elements, which we hold properly stated the cause of action they declared upon, under the appended authorities:

"Paragraph Two, page 2, of the Transcript, is an averment of fact as to the original grantor entering upon and carrying out a general scheme and plan of restricting the uses to which said lots might be put, establishing its residential character as an inducement to the public, as well as to Appellees to buy said lots; setting out the reasonable purpose of the specific restrictions and alleging that the same enhanced the value of said lots to the public and to appellees.

"Paragraph Three, Transcript page 3, is an averment of fact that all of the deeds made by the Hyde Park Improvement Company carry the restrictions insuring a residential addition and alleging that Appellees bought or improved their lots in reliance upon the restrictions.

"Paragraph Four pleads the ownership and residence of each of Appellees in Hyde Park and pleads their right therefore to enforce the restrictions.

"Paragraph Five pleads in detail the duty of the Appellant to observe the restrictions; that he holds under a deed containing said restrictions, copy of which is attached as an exhibit; that the same was on record when the Appellant purchased, and that he had actual and constructive notice, and further avers that except for difference as to building lines all of the conveyances from and after the Hyde Park Improvement Company sales contain the same covenants, particularly with reference to the obligation not to erect any business house.

"Paragraph Six avers that in violation of the Appellees' right, and those of other owners in the Addition, and notwithstanding his duty in the premises, the Appellant is about to erect a business house, and that such conduct is in violation of the rights and duties before set out.

"Paragraph Seven charges that this violation of the covenant will operate to change the character of the neighborhood, lessen the desirability of Appellees' homes as residences, result in annoyance to them in the enjoyment of their homes and greatly lessen the value of their respective properties, and will generally result in irreparable loss and damage, for which they have no adequate remedy at law.

"Then follows a broad prayer for temporary injunction, and that upon hearing, it be made permanent. Ware v. Welch (Tex. Civ. App.) 149 S. W. 263, 268; Lane v. Bell, 53 Tex. Civ. App. 213, 115 S. W. 918; Hooper v. Lottman (Tex. Civ. App.) 171 S. W. 270.

This pleading not only comprehended within its four corners the specific and certainly alleged facts authorizing the issuance of the temporary injunction in appellees' favor, but failed to aver any "from which it might be deduced that the appellants might not, under other supposable facts connected with the subject, thus be entitled to relief"; hence met the test applied in the cited holdings of our courts, there being no necessity in such circumstances for any anticipated defenses of the opposing litigant to be negatived. It alleged a perpetual covenant against business structures—the one copied in preceding summary 3 of appellant's propositions—that both appellant and appellees had bought and the latter had built in reliance thereon, and that this still subsisting and persisting right that inhered in the relation of each to the other was sought to be enforced; surely this gave rise to no reasonable inference either that the declared-upon covenant did not inure to the benefit inter sese of such purchasers of lots in the addition, or that the general scheme or plan of so restricting the property to residential uses had been abandoned or changed through growth, or that appellees were for any cause estopped to then claim the benefit of it. As we read the authorities cited in its support, the rule appellant relies upon in this connection for a contrary effect, which has just been quoted from in part, is wholly confined to cases where the averments of the petition itself inject a reasonable inference of a lack of right in the appellant.

In Hooper v. Lottman, supra, which involved this same addition and the restrictions thereunto appertaining, the El Paso Court of Civil Appeals, with the express approval of our Supreme Court in Curlee v. Walker, 112 Tex. 40, 244 S. W. 497, in effect declared that the surrounding circumstances at the time of the inclusion of restrictive

covenants in a deed are receivable, in connection with the language of the deed itself, for the purpose of determining whether such covenants were in consonance with a general plan intended for the benefit of and to bind all purchasers of the lands; statements of the Hyde Park corporation's officers as to the character of this addition, as reflected in the challenged Greenwood testimony, were therefore admissible as tending to explain the circumstances attending the making of the deeds containing these restrictive covenants. There was, however, sufficient evidence aliunde to support a finding that such a general scheme or plan existed and was promulgated, wherefore the admission of Greenwood's testimony as to the particular complained of constituted no reversible error anyway. Gillis v. Rosenheimer, 64 Tex. 247.

The decision in the Lottman Case, rendered upon the legal equivalent of the same state of facts as here obtained with reference to another one of the group of restrictions originally imposed by the improvement company upon this Hyde Park addition, further, we think, foreclosed the questions raised under appellant's third and fifth contentions, supra; most if not all the authorities invoked in his brief as reflecting a contrary holding have to do with a distinctively different sort of covenants, those coupled with a condition of reversion of the property to the grantor upon violation of the inhibitions, which can in general—unless under special conditions the contrary clearly appears—be enforced only by the holder of the reversionary interest; but these covenants were undisputedly not of that character, being simply restrictive ones carrying no such condition subsequent; upon them as such, and on essentially the same evidence both inside and outside of the deeds and other records carrying the restrictions, the court held not only that there was such a general scheme or plan affecting the addition as was here alleged, but also that the covenant here in question was for the benefit of and enforceable inter sese by the several lot owners therein. As before stated, that holding was fully quoted as correct by the Supreme Court in the subsequent case of Curlee v. Walker, supra, upon recurrence of the same questions under like states of fact. No useful purpose, therefore, would seem to be subserved by a reiteration of what has already thus authoritatively been predetermined.

It is true the Commission of Appeals in the more recent case of Green v. Gerner, 289 S. W. 999, 1000, relied upon by·appellant, held in an opinion the Supreme Court did not adopt, merely affirming the judgment, that the restrictions in the deeds there under review did not, either of their own force or as construed and supplemented by such surrounding circumstances as were in proof, give the owners of vicinal lots in that addition the right to prevent the erection of an eight-family apartment house under a restriction in effect providing merely that "the property herein conveyed is sold for residence purposes only, and no building other than one residence with the necessary and appurtenant out-buildings and improvements shall occupy the lots herein sold"; in other words, to quote the Commission's concluding summary: "It results that there is not in the language of the deeds, or in that language as construed in the light of, or as supplemented by, 'the surrounding circumstances,' so far disclosed an effect which makes the restrictive covenants or conditions imposed by Cohen upon the lots now owned by Green operate for the 'benefit of all the lands' and the various owners thereof, under the principles declared in Curlee v. Walker, supra."

But the opinion had already declared:

"In such a case owners of vicinal lots are not without rights, if properly circumstanced; but their rights must rest in something extrinsic the deeds. What conditions will justify the interposition of equitable power to redress those rights is sufficiently shown in Curlee v. Walker, 112 Tex. 40, 244 S. W. 497."

So that, when the different states of fact are appraised, nothing is there decided that conflicts with the doctrine announced and applied in both Hooper v. Lottman and Curlee v. Walker, the latter being expressly differentiated and deferred to as correctly ruling another class of cases—that is, one under which the present appeal falls. As at first indicated, the trial court in this instance fully heard the evidence reflecting the "surrounding circumstances" existing at the time these restrictions were imposed, and, it being amply sufficient for the purpose, will be deemed to have found that a general scheme or plan whereby the imposed restrictions were to inure to the benefit of all the lots was coincidently adopted and promulgated; it was accordingly not an abuse of its discretion to preserve the status quo between the litigants until a final trial of the cause on its merits by the issuance of the temporary injunction; this would be true, even though it were held that these restrictions—like those in Green v. Gerner—did "not so operate, of their own force, as to preclude the right to erect the building."

The fourth and remaining contention was also determined adversely to appellant on the facts involved, under evidence that at most could be said to be merely in conflict, hence furnishes no ground upon which a reversal could be ordered; the proposition itself is abstractly correct, but no such metamorphic change as is therein alleged was shown, at least by such a preponderance of the evidence as would authorize an interference here with the trial court's finding the other way; traffic through and around the addition had greatly increased; business buildings had approached its environs, but no really material departures

from its essentially residential nature inside were disclosed.

Under the conclusion that the learned trial judge did not exceed the limits of a sound discretion in the matter, the judgment has been affirmed.

Affirmed.