## Langston v. Kelly (three cases).

(Decided Jan. 21, 1938.)

E. P. PHILLIPS and LOUIS L. COX for appellant.
SPEIGHT & CRAWFORD for appellees.

Opinion of the Court by Drury, Commissioner— Reversing.

L. A. L. Langston has moved this court to grant him appeals from three separate and distinct recoveries of $248.33 each, with interest from July 20, 1934, made against him by each of the above-named appellees.

Each of the appellees was a plaintiff in the trial court and each had sued for the same sum. The cases were consolidated and heard together in the trial court and each appellee was there awarded a separate and distinct recovery of $248.33 against the appellant, L. A. L. Langston, who has superseded said judgments and has prayed appeals in this court.

These suits were efforts of these appellees to recover of L. A. L. Langston, former county judge of Calloway county, for alleged negligence on his part, resulting in loss to appellees. We have considered these cases together and shall dispose of them in one opinion.

### History.

These appellees are children of Kirby Kelly, who died in January, 1911, leaving these three children, who were then aged about as follows: Novella Kelly about five, Grady Kelly about three, and Mrs. Perry about one.

Kirby Kelly had been one of the eight children of Sam M. Kelly and upon the death of Sam M. Kelly, these children each inherited from their grandfather Sam M. Kelly 1/24 of his estate.

In a suit styled "Murray Marble Works v. D. D. Kelly, Admr., of Sam M. Kelly and begun May 20, 1911, the land of Sam M. Kelly was sold and his estate settled. After that was done, there was left $95.61 to go to each of the present appellees, who were then children of very tender yars. Their uncle D. D. Kelly qualified as their guardian and D. F. Andrus became surety upon the bond of D. D. Kelly, and $95.61 was paid D. D. Kelly for each one of them. Nothing else appears of record anywhere until July 20, 1934, when the three suits were filed, which resulted in the judgments we are asked to reverse.

### Errors.

We shall only discuss those errors which are of the most importance and which will force us to reverse these

judgments and afford these parties an opportunity to fully develop the issues and give the appellant an opportunity to present defenses he was not allowed to present on this trial. All other errors are reserved.

It is perfectly apparent the appellees bottomed their suits upon what they regarded as the holding of this court in American Surety Company of New York v. Skaggs' Guardian, 247 Ky. 687, 57 S. W. (2d) 495, and it is equally clear they have misconstrued that opinion. The following provision is found in section 466 of the Kentucky Statutes:

"A person injured by the violation of any statute may recover from the offender such damage as he may sustain by reason of.the violation, although a penalty or forfeiture for such violation be thereby imposed."

The basis of the holding in the above-cited case is that the county judge in that case had failed to observe sections 1062, 1063, 1064, 1065, 1068, and 2017, Kentucky Statutes, and that a loss had resulted to the ward in that case because of such violation. In that case the ward had alleged and established his loss had so resulted. The ward Skaggs alleged and established the insolvency of his guardian and his sureties, that he had not been paid the sum due him, and he in that way established that his loss was the result of the negligence of the county judge. The liability of a county judge in such a case as this or the Skaggs Case is a liability imposed upon him by the above statute for a loss that results from his negligence. It is just as necessary for the ward to show his loss and that it was the result of the negligence of the county judge as it is to show the negligence. No matter how negligent the county judge may be, if no loss results therefrom to the ward, he has no cause of action against the county judge.

The guardian D. D. Kelly filed a pleading in this case in which he alleged and offered to show he had fully settled with his wards. A demurrer was erroneously sustained to that. Langston should have been allowed to show that, if he could.

It is alleged that D. F. Andrus, the surety on the bond of D. D. Kelly as guardian, was amply solvent and that he left an estate of more than $1,000 to each of his heirs and they were made parties. A demurrer was er-

roneously sustained to that plea. The distributees of D. F. Andrus should have been required to account for this loss to the extent of the assets they had received from D. F. Andrus. See section 2084 et seq., Kentucky Statutes.

The liability, if any, of Langston is one created by statute. The applicable statute of limitation is section 2515, Kentucky Statutes, and Langston should have been allowed to show, if he could, that each of these children became twenty-one years of age and this cause of action accrued (if it did) more than five years before these actions were commenced.

It is urged that the amount in controversy is only $95.61 in the case of each child, but an examination of the Skaggs Case cited, supra, will show that the income from a ward's estate not used in the ward's support is added to and becomes a part of the principal and draws interest at the same rate as the principal, so that the amount in controversy here is not simply $95.61 due each child, but it is the accumulated result of the compounding of this interest, that is $248.33 due each child.

For these reasons, the motion for an appeal is sustained and an appeal granted in each case. The judgment in each case is reversed for proceedings consistent with this opinion.