186 So.2d 45 (1966)
Nancy RUVIO, Appellant,
v.
NORTH BROWARD HOSPITAL DISTRICT, a Special District under the Laws of Florida D/B/a North District Hospital, Appellee.
No. 105.
District Court of Appeal of Florida. Fourth District.
April 26, 1966.
Rehearing Denied May 19, 1966.
Richard H.W. Maloy, Coral Gables, for appellant.
Norman C. Roettger, Jr., of Fleming O'Bryan & Fleming, Fort Lauderdale, for appellee.
ANDREWS, Acting Chief Judge.
This is an appeal by the plaintiff, Nancy Ruvio, from a directed verdict after the conclusion of all the evidence in favor of defendant, North Broward Hospital District, a special district under the laws of Florida.
Plaintiff's husband suffered a coronary infarction approximately forty-eight hours before he first sought to be admitted to the defendant hospital. On a Sunday he was taken to the emergency room of the hospital by a friend who was also a cab driver, was superficially examined by two nurses and told he was not an emergency case and could only be admitted by doctor's order. The friend then put plaintiff's husband into his cab and drove him to a doctor whose name had been supplied by the nurses.
This doctor examined plaintiff's husband, found him to be an emergency case and made immediate arrangements for him to be admitted to defendant hospital. He returned to the hospital, was admitted, placed under an oxygen tent and died forty-eight hours later. Expert witnesses testified that the delay in admission to the hospital would not have made any difference as to the demise of plaintiff's decedent.
The nurses who first saw the decedent testified that he was pale, sweating, short of breath and appeared to have a head cold and that, when asked if he had any chest pains, he answered that he did not but that he ached all over. The doctor who later examined him found swelling, audible wheezing sounds during breathing and blueness of lips in addition to the signs found by the nurses. The friend testified that the nurses were superficial in their examination and told him and plaintiff's husband to "get out". The nurses in turn testified that they *46 explained the situation to the friend, who was excited, gave a list of doctors for plaintiff's husband to call and were careful in their examination. They further testified that under the circumstances they were justified in not calling the doctor on call to check the decedent.
Normally during the week there is a resident physician on duty who does the screening in emergency cases. On Sundays there is a physician on call for the purpose of determining whether or not an emergency exists, and the nurses screen and only call the physician on call if there is any question in their mind about the matter of the "emergency".
In directing the verdict for the defendant the court found that the plaintiff had failed to show that any action or inaction on the part of the hospital or its employees was the proximate cause of her husband's death and had failed to show any negligence on the part of the nurses.
The plaintiff relies principally upon Bourgeois v. Dade County, Fla. 1956, 99 So.2d 575, 72 A.L.R.2d 391, in urging reversal. This is a case involving a patient who was unconscious and apparently drunk when brought to the emergency room. Under such circumstances the hospital was held liable for failure to take other steps to determine the condition of the patient before refusing admission. From the record it also could not be determined whether the proximate cause of the death of the patient was the condition existing at the time the hospital declined to admit him or a condition which was brought about from his later activities.
Such is not the case before the court here. The evidence was such that, even if a jury had found for the plaintiff, the judgment could not be sustained in that the plaintiff failed to establish that any action or inaction on the part of the hospital wads the proximate cause of the death of her husband or that there was any breach of duty on the part of the hospital staff. These are necessary elements to establish liability.
The same conclusion was reached in a case involving similar circumstances. Wilmington General Hospital v. Manlove, 1961, 4 Storey, Del., 15, 174 A.2d 135.
Affirmed.
WALDEN, J., and STURGIS, WALLACE E., Associate Judge, concur.