Deborah L. MICHALS; Carl M. Michals; Scott A. Michals, an infant by and through his parent and next friend, Deborah L. Michals; and Sarah C. Michals, an infant by and through her parent and next friend, Deborah L. Michals, Appellants,

v.

WILLIAM T. WATKINS MEMORIAL UNITED METHODIST CHURCH; Charles Butler, John Jordan, John Belcher, Jack Payne, Don Jones, Jane Kemp, Scott Maloney, Larry Boer, Mel White, Betty Gehring, Marge Horton,

Jack Stallins, Dave Webb, Gene Hilgoth, Individually and as Trustees of William T. Watkins Memorial United Methodist Church; Trinity Church Builders, Inc.; and M & K Interior Contractors, Inc., Appellees.

No. 92–CA–1253–MR.

Court of Appeals of Kentucky.

March 25, 1994.

Kenneth L. Sales, Segal Isenberg Sales Stewart & Cutler, Louisville, for appellants.

W. Kennedy Simpson, W. Patrick Stallard, Stephanie Geromes Cox, Stites & Harbison, Louisville, for appellee William T. Watkins Memorial United Methodist Church and Trustees.

**218**

John Bush, Kevin P. Kinney, Ewen Hilliard & Bush, Louisville, for M & K Interior Contractors, Inc.

Terrell L. Black, Black Carle Maze & Wilmes, Louisville, for Trinity Church Builders.

Before COMBS, McDONALD and WILHOIT, JJ.

WILHOIT, Judge.

This appeal is from a summary judgment dismissing the appellants' complaint which sought damages stemming from the alleged exposure to asbestos by Scott A. Michals and Sarah C. Michals when they were attending preschool, kindergarten, and church activities at William T. Watkins Memorial United Methodist Church. The remaining two appellants, Deborah L. Michals and Carl M. Michals, are the parents of Sarah and Scott. The appellants seek compensatory and punitive damages for the parents' mental distress and the children's alleged increased risk of developing asbestos-related health problems.

■ The appellants assert that the circuit court erred in dismissing their claims for mental distress and for increased risk of future harm. Although the appellants combine the arguments in their brief relating to both the parents and children, we will separately discuss their claims because only the children were allegedly exposed to asbestos. Furthermore, in their complaint the appellants did not allege a claim for mental distress on behalf of the children; the complaint alleged that "the knowledge of [the children's] exposure caused serious mental distress in Deborah and Carl M. Michals." Also, in their prehearing statement, the only issue regarding mental distress related to the parents. This opinion will therefore address the issue of mental distress only as it relates to Deborah and Carl Michals.

The appellants maintain that the holdings of *Deutsch v. Shein*, Ky., 597 S.W.2d 141 (1980), and *Davis v. Graviss*, Ky., 672 S.W.2d 928 (1984), support their claim for mental distress. *Deutsch* allowed a mother to recover for her mental suffering she experienced after being subjected to X-rays and having a therapeutic abortion out of fear of future

consequences to the fetus. The Court held that the plaintiff's contact with the X-rays satisfied the contact element of a common law action for mental distress. "[T]he amount of physical contact or injury that must be shown is minimal. Contact, however slight, trifling, or trivial, will support a cause of action." *Id.*, 597 S.W.2d at 146, *citing Kentucky Traction & Terminal Co. v. Roman's Guardian*, 232 Ky. 285, 23 S.W.2d 272 (1929). As the parents have not alleged that they were exposed to asbestos, they do not satisfy the contact requirement and cannot maintain a negligence claim for mental distress. *See Wilhoite v. Cobb*, Ky.App., 761 S.W.2d 625, 626 (1988). We find nothing in *Davis v. Graviss* to support the parent's claim for mental distress.

■ The appellants contend that even though the children do not presently manifest any physical symptoms from their alleged asbestos exposure, they should be able to maintain an action for increased risk of future illness. In his affidavit, Dr. Arthur L. Frank, the appellants' expert medical witness, stated that "the exposure to airborne asbestos fibers sustained by the Michals' children subjects them to an increased risk of contracting an asbestos-related malignancy, especially mesothelioma and lung cancer." In their answers to interrogatories, the appellants stated that "it is impossible to calculate a percentage [of the likelihood of developing an asbestos-related disease] at this time."

The appellants maintain that they can assert a cause of action for increased risk of future consequences without proof of present injury or proof of the probability of incurring the future, citing *Deutsch v. Shein, supra,* and *Davis v. Graviss, supra.* Both *Deutsch v. Shein* and *Davis v. Graviss* have caused considerable confusion in the legal community. This appears to result from a failure to employ basic common law method in analyzing these cases in order to arrive at the particular holding of each, which after all is what is of precedential value.

In *Deutsch v. Shein, supra,* recovery was allowed for mental distress as the result of a tortious physical contact with the victim

when her "person was bombarded by X-rays." This case merely applied conventional doctrine to an unusual fact situation. Our law has long recognized that in a negligence action recovery may be had for mental anguish provided there is some form of physical contact or impact with the victim, however slight. *See Kentucky Traction & Terminal Co. v. Roman's Guardian*, 232 Ky. 285, 23 S.W.2d 272 (1929); *Louisville & N.R. Co. v. Roberts*, 207 Ky. 310, 269 S.W. 333 (1925). By no stretch of the imagination did *Deutsch v. Shein, supra,* recognize recovery for increased risk of harm in the absence of a present physical injury.

With respect to *Davis v. Graviss, supra,* the actual holding of the case was that an award of damages for past and future mental and physical suffering and permanent impairment of earning power was not excessive in light of the evidence that the physical injuries to the victim increased the likelihood that she would suffer future serious complications of the injury. A principle issue on appeal there was the quantum of proof of future medical complications necessary for a jury to be entitled to consider these complications in assessing the severity of the injury done to the plaintiff. The court held that where the existence of a particular injury or condition has been established with reasonable probability as the result of a negligently caused physical injury, the jury may consider the likelihood of future medical complications from that condition, based upon substantial evidence, in assessing the extent of the present injury. Admittedly some of the dicta employed by the court is confusing, but it was dicta and not holding. The question of whether an increased likelihood of harm absent a present physical injury is itself a compensable injury was not an issue in *Davis,* so it could hardly have been the holding in that case. Indeed, the cases cited by the court in its opinion do not support such a principle. For example, *Richard v. Adair Hospital Foundation Corp.,* Ky.App., 566 S.W.2d 791 (1978), dealt with whether the acts of the hospital were a substantial factor in causing a child's death. *Martin v. City of New Orleans,* 678 F.2d 1321 (5th Cir.1982); *cert. denied,* 459 U.S. 1203, 103 S.Ct. 1189, 75 L.Ed.2d 435 (1983); *Feist v. Sears Roebuck*

*& Co.,* 267 Or. 402, 517 P.2d 675 (1973), and the other cited cases from foreign jurisdictions also involved recovery for a present clinical injury creating a risk of future complications. Further, if the court in *Davis* were intending to create a new cause of action, it likely would have addressed as a threshold matter at what point the risk of future harm would itself be compensable in the courts. For example, would a risk of future harm increased by a negligent act from one in five million to five in five million give rise to an independent action, or would that fall within the principle of de minimis non curat lex?

Our holding is further supported by *Perkins v. Northeastern Log Homes,* Ky., 808 S.W.2d 809 (1991). Quoting from *Saylor v. Hall,* Ky., 497 S.W.2d 218, 225 (1973), the Court stated as follows:

> The right of action for negligence proximately causing injury or death, which is constitutionally protected in this state, requires more than mere conduct before recovery can be attempted. Recovery is not possible until a cause of action exists. *A cause of action does not exist until the conduct causes injury that produces loss or damage. . . .*

808 S.W.2d at 814. (Emphasis supplied in *Perkins.*) While *Saylor v. Hall* and *Perkins* concern statutes of repose, we believe their discussion of the accrual of a cause of action is relevant here.

■ The appellants contend that KRS 446.070 provides them with a cause of action. This statute provides as follows:

> A person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation, although a penalty or forfeiture is imposed for such violation.

This statute was enacted long ago to make plain that a person for whose benefit a statute was passed may recover for a violation where a statute is penal in nature or does not provide a remedy for its enforcement. *Hackney v. Fordson Coal Co.,* 230 Ky. 362, 19 S.W.2d 989 (1929). The statute and regulations regarding asbestos removal and disposal were enacted, of course, to prevent

exposure to asbestos. Clearly, Deborah and Carl Michals, who were not alleged to have been exposed to asbestos, do not fit within the class of persons intended to be protected and cannot pursue an action under KRS 446.-070. As to Sarah and Scott Michals, however, a different question is presented because they were allegedly exposed to asbestos.

The appellants contend that KRS 446.070 supports a cause of action for the children's increased risk of later developing an asbestos related disease. Although the appellants readily acknowledge that the children presently have no physical injury, they assert that KRS 446.070 does not require a present physical injury or even "a 'probability' of developing a 'physical' injury" to maintain an action for increased risk of developing a disease.

KRS 446.070 provides a cause of action for a violation of a statute if the injured person is within the class to be protected by the statute. *State Farm Mutual Automobile Insurance Co. v. Reeder*, Ky., 763 S.W.2d 116 (1988). An injured person, however, must look to the common law to determine the measure of damages. *Cf. Langston v. Kelly*, 272 Ky. 109, 113 S.W.2d 471 (1938). Put another way, KRS 446.070 provides a cause of action but does not establish a measure of damages.

Given the appellants' admission that they can prove only that the children possibly might contract an asbestos-related disease in the future, which risk they cannot quantify, it is apparent that damages for the increased risk would be based on conjecture or speculation. An award of damages based on speculation is not permitted. *See Morse v. Chesapeake & O. Ry. Co.*, 117 Ky. 11, 77 S.W. 361,

362 (1903). The Court in *Davis v. Graviss*, 672 S.W.2d at 932, stated that "it 'must be shown by medical testimony that causation is probable and not merely possible.'" (*Quoting Richard v. Adair Hospital Foundation*, Ky.App., 566 S.W.2d 791, 794 (1978)). The appellants cannot maintain an action under KRS 446.070 for increased risk of future consequences.

Finally, the appellants contend that the circuit court erroneously dismissed the parents' claim of outrageous conduct. Relying on the *Restatement (Second) of Torts* § 47 (1965), this court held that the tort of outrage is not appropriate where "an actor's conduct amounts to the commission of one of the traditional torts such as assault, battery, or negligence for which recovery for emotional distress is allowed, and the conduct was not intended only to cause extreme emotional distress in the victim...." *Rigazio v. Archdiocese of Louisville*, Ky.App., 853 S.W.2d 295, 299 (1993). There is no evidence that the appellees' conduct was intended only to cause the appellants emotional distress. The claim for outrageous conduct was properly dismissed.

The circuit court judgment is affirmed.

COMBS, J., concurs.

McDONALD, J., concurs in result only.