CASE 49.—ACTION BY NETTIE MAY REED AND ANOTHER
AGAINST HENRY FORD FOR DAMAGES CAUSED
BY FRIGHT BY DEFENDANTS ASSAULTING AN-
OTHER.—September 25.

# Reed, &c., v. Ford

Appeal from Barren Circuit Court.

SAMUEL E. JONES, Circuit Judge.

From a judgment sustaining a demurrer to the peti-
tion, plaintiff appeals.—Affirmed.

1.  Damages—Fright.—A cause of action will not lie in favor of
a woman for pain and suffering resulting solely from fright,
unaccompanied by physical injury, superinduced by one who,
without seeing her or knowing of her presence, and without
trespassing on her premises, assaulted a third person who
occupied a room in her house; the damages being too remote
and speculative.
2.  Same.—No recovery can be had for injuries resulting from
mere fright caused by the negligence of another, where no
immediate personal injury is received.
3.  Negligence—Unforeseen Consequences.—One assaulting an-
other, without seeing a third person, and without knowing of
her presence in an adjacent room, and without being seen
by her, is not guilty of negligence toward the third person.

DUFF & HUTCHESSON for appellant.

If a drunken bully can go, under the cover of darkness, to the
home of a woman, and curse, abuse and threaten to kill a de-
fenseless person in her presence and hearing and right at her
door, thereby alarming her to such an extent that she was
caused to take her bed for ten days, causing her great mental
and physical suffering making her sick and threatened with mis-
carriage, then we want to know that such action is permitted by
the laws of this great State, and that the injured party has
no civil remedy.

BAIRD & RICHARDSON for appellee.

Our contention is that a party has no cause of action against another, who, in a quarrel or fight in which such party was not engaged, used vulgar, obscene or indecent language towards a third party in the hearing of or even in the presence of the first party and at the same time doing no bodily violence to such party.

### AUTHORITIES CITED.

Phillips v. Dickinson, 28 A. M. Rep., 609; Fent v. Railway Co., 59 Ill., 3449; Derry v. Flentner, 118 Mass., 131; Hoog v. Railroad Co., 85 Pa. St., 293; Railway Co. v. Elliott, 5 C. C. A., 349; (55 Co., 85 Pa. St., 293; Railway Co. v. Elliott, 5 C. C. A., 349; 55 Fed. Rep., 950; Keyes v. Railway Co., 36 Minn., 290; 30 N. W., 888; Brown v. Graven, 51 N. E. Rep., 657; Stivers v. Baker, 87 Ky., 580; 3 Cyc., 1025; Bennett v. McIntire, 6 L. R. A., 736; Morse v. C. & O. Ry. Co., 25 Ky. Law Rep., 1160; Keyes v. Minneapolis, &c., Ry. Co., 36 Minn., 290; Pulliam, &c., Co. v. Trimble, 8 Texas Civ. App., 335; L. & P. Canal Co. v. Murphy, Admr., &c., 9 Bush, 522.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

Appellants complain of a judgment of the Barren circuit court sustaining a demurrer to their petition as amended, and dismissing the action. The appeal, therefore, presents for our consideration but one question, viz.: Do the facts alleged in the petition state a cause of action?

The original petition is as follows: "The plaintiffs, Nettie May Reed and her husband, I. W. Reed, state that during the month of September, 1907, the defendant, Harry Ford, came to their house in Glasgow, Ky., during the darkness of the night, in a drunken condition, and in front of the rooms in which they resided, and in the hearing of the plaintiff, assaulted one Jas. D. McConnell, who occupied a room near them, and then and there in a loud and boisterous

manner cursed and abused said McConnell and threatened to kill him; that the defendant remained in front of this said room for a half hour or longer, and continued to curse and abuse said McConnell, and to threaten to take his life, who was perfectly defenseless and unable to resist him. The plaintiffs state that the plaintiff Nettie May Reed was at the time pregnant with child; that she was greatly alarmed and frightened at the action of the defendant aforesaid, so much so that she was compelled to take her bed and remain there ten days; that her nervous system was greatly shocked; that she has since been threatened with a miscarriage in consequence of the fright received by her; that she has suffered great mental agony and physical pain from said fright; and that her health has been greatly, and as they fear and believe permanently, impaired as the result of the fright aforesaid."

The following are the averments of the amended petition: "Amending their petition herein, the plaintiffs state that the assault on Jas. D. McConnell took place in the hall immediately in front of the room occupied by the plaintiffs at the time, and within three or four feet from the plaintiff Nettie May Reed; that the plaintiff Nettie May Reed was made violently sick by the fright which she received; that she was compelled to and did take her bed for at least ten days, as the result of said fright; and they state that her health has been greatly impaired, and they fear permanently destroyed, as the result of the fright aforesaid; and they further state she sustained physical injuries in consequence of the fright aforesaid, and has been and was damaged, as set out in the original petition herein, in the sum of $500, which injuries are and were the direct and proximate result·

of the fright complained of by her in said original petition.''

A careful analysis of the language of the petition and amendment will demonstrate that the sole ground of recovery alleged is that injury and damage resulted to the appellant Nettie May Reed from fright super-induced by the conduct of appellee in committing an assault upon, and using in her hearing and within a few feet of her profane and abusive language toward, a third person, one Jas. D. McConnell; that the fright given her by the misconduct of appellee toward Mc-Connell caused her great physical and mental suffer-ing, made her ill for ten days, nearly produced a miscarriage, and perhaps permanently impaired her health. While it is alleged in the petition that ap-pellee's assault upon and abuse of McConnell occurred in her house at night, where he had gone in a drunken condition, these facts did not necessarily make him a trespasser as to the person or premises of Mrs. Reed. It is alleged that McConnell occupied a room in the same house near hers, and not alleged that appellee did not lawfully enter the house. He may have gone there upon McConnell's invitation, or to see him on a business matter, and for some reason, whether with or without provocation, became angry with and abusive toward him after entering the house.

It will be observed that neither the original nor amended petition alleges that appellee, at the time of his assault upon or abuse of McConnell, was seen by Mrs. Reed; that he saw her, knew she was in hearing, or in a room near him, or that she was then an occu-pant of a room in the house; nor does either aver that the door to the room she was occupying was open, thereby affording appellee an opportunity to discover her presence therein. It is also true that the petition

does not charge that appellee assaulted the appellant Nettie May Reed, that he knew she was pregnant, or that anything said or done by him was directed to or at her. On the contrary, its only averments on that point are to the effect that McConnell, who was not a member of her family or related to her, was alone the subject of appellee's wrath and abuse. It is patent from the averments of the petition, as amended, that appellee committed no assault upon or trespass against the appellant Nettie M. Reed. The pain and suffering alleged resulted solely from fright, and were unaccompanied by any physical injury. The damages sought to be recovered are too remote and speculative. The injury is more sentimental than substantial. Being easily simulated and hard to disprove, there is no standard by which it can be justly, or even approximately, compensated. As said by this court in Reed v. Maley, 115 Ky. 816, 25 Ky. Law Rep. 209, 74 S. W. 1079, 62 L. R. A. 900, a case in which the question here involved was considered: "The objection to a recovery for injury occasioned without physical impact is the difficulty of testing the statements of the alleged sufferer, the remoteness of the damages, and the metaphysical character of the injury considered apart from physical plain." Railway Company v. Elliott, 55 Fed. 950, 5 C. C. A. 347, 20 L. R. A. 582; Keyes v. Railway Company, 36 Minn. 290, 30 N. W. 888; Morse v. C. & O. Railway Company, 117 Ky. 11, 77 S. W. 361.

It is equally certain that no right of recovery can be asserted in this case upon the ground that appellee's assault upon or abuse of McConnell, occurring at the house of the appellant Nettie M. Reed and in her hearing, constituted negligence for which he should be made to respond in damages for the alleged

injury resulting to her. It seems to be well settled that no recovery can be had for injuries from mere fright, caused by the negligence of another, when no immediate personal injury is received. Thompson on Negligence, sections 156, 157; Mitchell v. Rochester Railway Co., 151 N. Y. 107, 45 N. E. 354, 34 L. R. A. 781, 56 Am. St. Rep. 604; Gulf, &c., Railway Co. v. Hayter, 93 Tex. 239, 54 S. W. 944, 47 L. R. A. 325, 77 Am. St. Rep. 860. Moreover, under the facts alleged, negligence can in no event be imputed to appellee in this case, or regarded as the proximate cause of appellant's injuries; for, not seeing appellant, being unseen by her, and not knowing of her presence in the adjacent room, it cannot be claimed that he could have foreseen or reasonably anticipated that any injury would probably result to her from his assault or abuse of McConnell.

Being of the opinion that the petition fails to state a cause of action, the judgment sustaining the demurrer thereto is affirmed.