(142 App. Div. 510.)

## HACK v. DADY.

(Supreme Court, Appellate Division, Second Department. January 27, 1911.)

1. DAMAGES (§ 185*)—CAUSES—CONCURRING PHYSICAL INJURY AND FRIGHT—EVIDENCE.

Evidence in a personal injury case *held* sufficient to support a verdict on the theory of physical injury and fright concurring in producing shock, out of which the damage arose.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 503–508; Dec. Dig. § 185.*]

2. TRIAL (§ 295*)—INSTRUCTIONS—DAMAGES.

Damages in a personal injury case cannot be considered to have been assessed for a miscarriage; the court having instructed that plaintiff was entitled to recover, if at all, on "one or more of three particulars," thereupon specified, and not including miscarriage, and in another part of the charge having recapitulated the possible elements of damage, not

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

mentioning miscarriage, save defendant's request, that, if the miscarriage was not the proximate result, no recovery could be had therefor.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 295.*]

3. DAMAGES (§ 52*)—CAUSES—PHYSICAL INJURY—FRIGHT AND SHOCK.

Recovery may not be had in a negligence case for consequences attributable to fright alone, or to shock alone, merely on proof that there was a bodily injury coincident with that fright or that shock; but it must appear that there was some causal relation between the bodily injury and the fright or shock.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 100; Dec. Dig. § 52.*]

Appeal from Kings County Court.

Action by Julia Hack against Michael J. Dady. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

See, also, 136 App. Div. 888, 119 N. Y. Supp. 1127.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

William L. Kiefer (Edward J. Redington, on the brief), for appellant.

Frederick N. Van Zandt, for respondent.

JENKS, P. J. The record is materially different from that of the first appeal. Hack v. Dady, 134 App. Div. 253, 118 N. Y. Supp. 906. Plaintiff's new expert witness, Dr. Stevenson, testifies that even so slight a physical injury as was suffered in this case might cause the shock that resulted in the alleged physical impairment of the plaintiff. He says:

"One cause of abortion or miscarriage, which is more common than fright injury, a physical injury. When that physical injury causes an abortion, there is not always by any means a violent attack between the body of the pregnant woman and the object. If a woman pregnant were struck by a pea, for instance, a pea or a bean, any small object, where there would be no violent attack, the sudden nervous shock to her system might cause it. It is possible; that is not fright. There has been contact with the body. * * * When an object like four or five drops of melted lead, having passed through the air and must necessarily have been cooled to some extent in that passage, struck her on the left hand and only causes a slight sting, so that she brushes it off, whether or not I would think that that would bring about such a condition, such a situation, would depend upon the fact whether she was burned or not, and how much shock there was to her nervous system. * * * I would not say that that fright, and that act of being startled at that time, is the main cause, if there was such a cause, of the miscarriage. I would say this: That this woman suffered from a nervous shock, probably accompanied by fright, which acted reflexly through the nervous system, caused the uterine contraction, and brings on this condition. * * * There is nothing remarkable about it. I was asked whether severe fright might not cause a miscarriage. Severe fright certainly may cause a miscarriage. But in this case the facts that I assume in the question are that she sustained this burn upon her left hand, and subsequently was found by Dr. Gilmartin suffering from burns on the left hand and shock. If the shock that she was suffering from, that Dr. Gilmartin found there, was produced in any way by fright, it would be the result of fright and the physical shock concurring. Both acting together produced this result of shock. It is known that the shock of a severe toothache will cause a reflex contraction of the uterus and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

bring on the miscarriage; any shock. If a person is suffering from shock produced by any cause, that shock is sufficient to break down the nervous system and to produce the reflex action which in turn causes an abortion ultimately. There is nothing more common in my profession causing abortion than traumatism or injury."

The defendant's expert, Dr. Benedict, upon cross-examination, although he said that the burns had no connection with the plaintiff's physical condition on the night after the accident, testified:

"As to whether as a result of these burns upon her hand, plus the environment which she found herself in, that that produced a condition of mind which in turn produced a condition of nervous shock, which in turn caused the condition that occurred that night, I don't know. In my opinion the burns she received on her left hand, plus the environment she found herself in, to wit, the lead about there and on her clothes, with her two children, produced a condition of mind which in turn produced a nervous shock. I think that is right. So, then, we have it that the result of her experience—that is to say, the combined experience of the burn upon her hand, plus the environment she found herself in with her two children, etc.—produced a nervous shock. And that nervous shock in turn produced or caused this uterine hemorrhage, the vomiting and the pains in the back at night. I think that is so."

I think that this testimony is sufficient to support a verdict. Jones v. Brooklyn Heights R. R. Co., 23 App. Div. 141, 48 N. Y. Supp. 914. In this case this court, per Hatch, J., say:

"The case does not, therefore, fall within the doctrine of Mitchell v. Rochester Railway Co., 151 N. Y. 107 [45 N. E. 354, 34 L. R. A. 781, 56 Am. St. Rep. 604]. In that case there was no physical injury and no physical contact with the person of the plaintiff. Such injury as was sustained arose solely from fright. The court held that mere fright, disassociated from physical injury, would not create a cause of action. The court so charged in the present case. An injury, however, sufficiently severe to produce a shock, or which in fact produces a shock, presents an entirely different question. Shock is not fright. The latter may be a producing cause of the former, and where it is the sole producing cause there can be no recovery; but when it is associated with actual injury it may be considered, and where the injury and the fright concur and result in producing shock, out of which arises damage, it is sufficient upon which to base a recovery."

I do not consider that the damages were assessed for a miscarriage or for the miscarriages. The learned court was careful to charge the jury that the plaintiff was entitled to recover, if at all, on "one or more of three particulars," which were thereupon specified as the actual burn and the pain and suffering therefrom, illness which resulted in shock, and the continuance or permanence of that illness. The court in another part of its charge recapitulated the possible elements of damage. It did not mention miscarriage, or miscarriages, save that it charged a request by defendant that, if the miscarriage was not the proximate result, no recovery could be had therefor. The sole case cited by the counsel for the respondent to sustain the introduction of the testimony as to the miscarriages (Devine v. Brooklyn Heights R. R. Co., 131 App. Div. 142, 115 N. Y. Supp. 263) was decided by a divided court of three to two, and reversed by the Court of Appeals (198 N. Y. 630, 92 N. E. 1083) upon the dissenting opinion in this court. But in view of the instructions of the learned court, which I

have noted, I think that we are not required to consider the effect of this testimony.  Crow v. Metropolitan Street R. Co., 70 App. Div. 202, 75 N. Y. Supp. 377, affirmed 174 N. Y. 539, 66 N. E. 1106.

Our disposition of this appeal does not require extended discussion of the elaborate brief upon the rule as to the recovery of damages for negligence for fright, submitted by the able counsel for the respondent. Suffice it to say that it is established in this state that in an action for negligence there cannot be recovery for mere fright or for injuries that are the direct consequence of it (Mitchell v. Rochester Railway Co., 151 N. Y. 107, 45 N. E. 354, 34 L. R. A. 781, 56 Am. St. Rep. 604) ; and I think that a recovery may not be had in an action for negligence for consequences attributable to fright alone, or to shock alone, merely upon proof that there was a bodily injury coincident with that fright or that shock, but it must appear that there was some causal relation between the bodily injury and the fright or shock. Otherwise the recovery would rest upon the fright or shock alone, which would be against the rule noted.  For example, could it be logically said, in the case at bar, that if the personal injuries were attributable alone to fright or shock consequent to the explosion, the plaintiff could not recover for fright or shock, or their physical consequences, if she had been unscathed in any way, and yet again she could recover therefor because a bit of lead from the explosion lighted upon her hand to burn it slightly before she brushed it away? In the words of Hatch, J., heretofore quoted:

"But when it [the shock] is associated with actual injury it may be considered, *and where the injury and the fright concur and result in producing shock*, out of which arises damage, it is sufficient upon which to base a recovery."

The rule announced in Mitchell's Case, supra, is rested upon three authorities.  In one of these (Ewing v. P., C. & St. Louis Ry. Co., 147 Pa. 40, 23 Atl. 340, 14 L. R. A. 666, 30 Am. St. Rep. 709) the court cites with approval the note in Wood's Mayne on Damages, p. 74:

"So far as I have been able to ascertain, the force of the rule is that the mental suffering referred to is that it rose out of the sense of peril or the mental agony at the time of the happening of the accident, and that which is incident to and blended with the bodily pain incident to the injury, and the apprehension and anxiety thereby induced.  In no case has it ever been held that mental anguish alone, unaccompanied by an injury to the person, afforded a ground of action."

The judgment and order are affirmed, with costs.  All concur.