## Morgan v. Hightower's Adm'r.

June 5, 1942.

E. E. Barton, H. B. Best and C. H. Ewing for appellant.

R. L. Vincent and Lee Lanter for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Affirming.

The appellant, E. S. Morgan, brought this action against Ward Hightower's administrator for personal injuries caused by fright or shock when Hightower committed suicide on the premises and in the presence of

Morgan and his wife. Also, he sought to recover for damages done the reputation of his property by reason of the notoriety it received as being the place where the suicide was committed.

The trial judge sustained a general demurrer to the petition as amended, and the questions presented by this appeal are whether or not appellant may recover damages for fright or shock unaccompanied by an assault or a trespass against his person, and for the alleged injuries to the fair name of his property.

The pleadings in effect allege that Hightower without appellant's consent wilfully and unlawfully entered upon the latter's premises for the purpose of "committing the crime of self-murder" and killed himself with a pistol shot in the presence of appellant and Mrs. Morgan, which caused permanent injuries in the sum of $5,000 to appellant's nervous system; that his wife was greatly shocked by the suicide and by reason thereof he was compelled to expend $50 for medical treatment for her; that since the tragedy his home "is shunned by the public and its good name and fame have been destroyed and the market value thereof has been damaged to the amount of $1,000."

It is appellant's theory, that although Hightower was paying a neighborly and social visit to his home, yet he came with the purpose of the wrongful act of suicide, which made him a trespasser, and that the injury to appellant and to his property were the direct result of such trespass. It is rather significant that appellant cites no cases to support his position. The only authorities cited in his brief are 63 C. J., Sections 12 and 13, pp. 894 and 895; 3 Blackstone 209, and Section 12, Kentucky Statutes. The texts relate to trespass quare clausum fregit, and the statute provides that damages for trespass may be assessed severally or jointly against the several defendants. Hence, these authorities have no application to the case at bar.

The petition does not allege Hightower trespassed against appellant's person or made an assault upon him, but a recovery is sought for mental pain and suffering unaccompanied by any physical contact or injury. In a long and unbroken line of decisions this court has held that an action will not lie for fright, shock or mental anguish which is unaccompanied by physical contact or in-

jury. The reason being that such damages are too remote and speculative, are easily simulated and difficult to disprove, and there is no standard by which they can be justly measured. Reed v. Ford, 129 Ky. 471, 112 S. W. 600, 19 L. R. A., N. S., 225; Smith v. Gowdy, 196 Ky. 281, 244 S. W. 678, 29 A. L. R. 1353; Louisville & N. R. Co. v. Roberts, 207 Ky. 310, 269 S. W. 333, and the many authorities discussed in those opinions. Also see 8 R. C. L., Sections 73-75, pp. 515-520; 15 Am. Jur., Section 176, pp. 593, 594, and annotations in 23 A. L. R. 361, 44 A. L. R. 428, 56 A. L. R. 657.

There can be no recovery to the injury of the reputation of appellant's property because of the suicide. Such an injury is more imaginary than real, or at most is but sentimental and is not a proper element of damage. 15 Am. Jur., Section 108, p. 516. In City of Lexington v. Chenault, 151 Ky. 774, 152 S. W. 939, 44 L. R. A., N. S., 301, it was said there could be no recovery for sentimental damage to real estate. In Delano v. Smith, 206 Mass. 365, 92 N. E. 500, 501, 30 L. R. A., N. S., 474, it was written:

"On principle it follows that mere injury to the reputation of real estate or the supposed diminution of its value resting on whimsical or emotional grounds or arising from dictates of custom or taste do not constitute waste."

We can distinguish but little, if any, difference between a recovery for trespass and one for waste. As damage to the reputation of real estate is not recoverable in an action for waste, likewise no such recovery can be had in an action for trespass.

The judgment is affirmed.