**Merle J. HETRICK, d/b/a Hetrick Drilling Company, Appellant,**

**v.**

**Frank D. WILLIS, Appellee.**

Court of Appeals of Kentucky.

March 21, 1969.

Clarence Bartlett, Woodward, Bartlett & McCarroll, Owensboro, William E. Quisenberry, Calhoun, for appellant.

Kenneth Ragland, Calhoun, John D. Miller, Owensboro, Chas. A. Williams & Associates, Paducah, for appellee.

CLAY, Commissioner.

In this motor vehicle collision case the plaintiff appellee recovered $15,000 for personal injuries. The principal issue on this appeal is the excessiveness of damages.

The automobile which plaintiff was driving collided with a tractor-trailer truck approaching from the opposite direction on a curve. It was raining hard and apparently the truck skidded into the wrong lane. Plaintiff's wife died of injuries suffered in this accident.

Plaintiff was rendered unconscious, given emergency relief at the hospital and sent home. His principal injury was the fracture of two or three ribs, for which he was never given any special treatment. He apparently sustained bruises to other parts of his body. Our indefiniteness about the exact nature of his injuries comes about because none of the doctors who had treated him for his injuries testified in the case. The plaintiff himself, at the trial about eight months after the accident,

complained of a hurting in his head, his shoulder and his wrists, and said that when a cold spell struck he hurt all over.

The plaintiff was 65 years of age at the time of the accident and was a retired farmer who "piddled around on the farm a little." He introduced two doctors. One was a psychiatrist, who examined him just before the trial. This doctor did a mental status examination and came to the conclusion that plaintiff was "a very depressed man." He described this as a "psychoneurotic depression." In answer to a hypothetical question, he said that the accident in which the plaintiff was involved would lead to a "gross-stress reaction". This doctor attributed plaintiff's mental distress partly to the fact that his wife of forty years was killed in the accident. On cross-examination he stated in substance that advanced arteriosclerosis could bring on the condition independently of a particular causal event.

The other doctor who testified for the plaintiff was his family physician and the extent of his treatment was to give him antibiotics to prevent pneumonia or bronchitis.

The defendant's doctor who examined the plaintiff just before the trial found no objective symptoms of an injury causing the pain or disability but he did find that he had between grade 2 and grade 3 arteriosclerosis. He testified that his ribs were in excellent position.

■ There is no contention that plaintiff's *physical* injuries would justify an award of $15,000. It is plaintiff's position that it was proper for the jury to award damages for his mental suffering. In Kentucky damages may not be recovered for shock or mental anguish unaccompanied by physical contact or injury. Morgan v. Hightower's Adm'r, 291 Ky. 58, 163 S.W. 2d 21. On the other hand, damages may be recovered for mental distress which is the direct and natural result of an injury sustained. Warfield Natural Gas Co. v. Wright, 246 Ky. 208, 54 S.W.2d 666.

However, it is clear that the mental distress must be related to the physical injury.

It is true that plaintiff did suffer physical injuries in the accident. They were not of a serious nature and there was a prompt recovery. It is evident from this record that plaintiff's ensuing mental condition bears no relationship to the injury. It appears principally attributable to advancing age and despondency over the tragic loss of his wife. The evidence strongly suggests his psychoneurotic depression would have developed along the same pattern had he not been involved in the accident. As we have above observed, such a condition unrelated to physical injury is not compensable.

A somewhat similar situation appeared in Smith v. Rodene, 69 Wash.2d 482, 418 P.2d 741. There a husband and wife were involved in a collision and both sustained physical injuries, the wife's being much more serious. Some time later the husband developed an eye ailment. The medical testimony was to the effect that his eye ailment developed from nervous tension which was created by his anxiety with respect to his wife's condition. The court said, page 746:

> "Mr. Smith, in the instant case, received a physical impact in the same collision which injured his wife. It is clear from the testimony, however, that there was no direct causal connection between this impact and the eye ailment he later suffered, which was caused principally by his anxiety and concern for his spouse's condition."

It was held error to permit the jury to consider evidence of the eye ailment in assessing damages.

In Lessard v. Tarca, 20 Conn.Sup. 295, 133 A.2d 625, a father, mother and three children were injured in an automobile accident. A fourth child burned to death in the wreckage. In a suit for damages it was alleged that each of the plaintiffs sustained shock and suffered mental anguish as the result of seeing the child burn to

**944**

death. The Connecticut court took the view that there could be no recovery for the mental distress on the ground that it did not arise out of a breach of duty owed the plaintiffs by the defendants. In substance the ruling was that the defendant owed no duty to the plaintiffs not to injure some other person.

Similarly in Clough v. Steen, 3 Cal.App. 2d 392, 39 P.2d 889, the plaintiff was injured in an automobile accident in which her infant child was killed. She recovered $20,000 principally for mental suffering occasioned by the shock of the tragic death of her child. The court pointed out that the breach of duty to the child was not a breach of duty to the plaintiff and she could not recover for her mental suffering occasioned thereby. See also Hack v. Dady, 142 App.Div. 510, 127 N.Y.S. 22, 25.

 We think the present case falls within the principles applied in the cases above cited. There is simply no proof in this record which, with reasonable probability, connects plaintiff's mental suffering with the injuries sustained in the accident. His depressed condition did not causally flow from defendant's breach of duty to him. Putting aside this element of damages does away with the only basis which would support a $15,000 award. It is obviously grossly excessive as compensation for plaintiff's physical injuries and the results thereof. This will require a new trial.

■ Appellant also raises a question concerning the instruction on the measure of damages. It did not sufficiently make clear that the damages allowable would be only those, *if any,* directly resulting from the injuries sustained in the accident. While this deficiency in the instruction probably would not have constituted reversible error, in the light of Instruction XI which was given, we think on a new trial it should include the phrase "if any" at appropriate places. The last part of Instruction XI should also refer to plaintiff's "mental" as well as "physical" condition.

■ Appellant finally contends that he was entitled to an instruction on "unavoidable accident." We find no facts in the record justifying such an instruction. See Sloan v. Iverson, Ky., 385 S.W.2d 178.

The judgment is reversed, with directions to grant appellant a new trial on the issue of damages only.

All concur.