Noble CATON, Appellant,

v.

Paul McGILL and the Dow Chemical Company, a corporation, Appellees.

Court of Appeals of Kentucky.

Oct. 20, 1972.

As Modified on Denial of Rehearing
Dec. 15, 1972.

Charles B. West, Joseph E. Ternes, Jr., West, Markwell & Bryant, Henderson, Damon A. Vaughn, Vaughn & Monhollon, Madisonville, for appellant.

William M. Deep, Ronald G. Sheffer, King, Deep, Branaman, Hunt & Sheffer, Henderson, for appellees.

VANCE, Commissioner.

The appellant obtained a jury verdict compensating him for injuries received by him in a motor vehicle accident. On this appeal the appellant asserts the trial court erred in two respects; to wit: (1) er-

roneous exclusion of evidence offered by appellant as to prevailing wage rates in occupations in which appellant was qualified to work, (2) the failure of the jury to fully compensate appellant for his special damages.

The first assignment of error relates to the exclusion of evidence offered by appellant as to wages customarily paid in his community to electricians and to automobile mechanics. The appellant, presently sixty-three years old, worked as an automobile mechanic for approximately twenty-five years and as an electrician for approximately six years. For the last ten years preceding the accident he was engaged in farming and in part-time hauling of livestock. His farming operation resulted in a net financial loss during the three years preceding the accident, hence the effort to show a capacity to earn money as a mechanic and as an electrician.

The trial court rejected the evidence pertaining to prevailing wage rates of electricians and mechanics upon the ground of remoteness since the appellant had not worked in either occupation for at least ten years.

Appellees contend the general rule on admission of evidence of past earnings on the issue of damages is that earnings made within a reasonable time before the date of injury are admissible but what constitutes a reasonable time is a matter within the sound discretion of the trial court. 81 A. L.R.2d 735, 22 Am.Jur., 2d, Damages, Section 315.

It is noted that appellant did not offer to prove what his earnings had been as an electrician or as a mechanic at some remote time. His proffered testimony related to the wage rates presently prevailing in those trades to which he could have returned except for the injury.

■ Damages for permanent injury are not measured in terms of actual loss of earnings but rather by the impairment of the power or capacity to earn money. In Stearns Coal and Lumber Co. v. Williams, 164 Ky. 618, 176 S.W. 15 (1915), we said:

"* * * While it is true, of course, that evidence of plaintiff's earning capacity in his particular profession or trade is admissible and may be considered by the jury in determining how much his earning capacity has been impaired, yet it is not proper to confine the recovery to the particular profession or occupation in which plaintiff may be engaged at the time of the injury. * * *."

■ Proof of wages earned in an occupation in which the plaintiff is not engaged at the time of injury is competent to show business experience and capacity to earn money. Temperly v. Sarrington's Administrator, Ky., 293 S.W.2d 863 (1956); Miller v. Pillow, 337 Mich. 262, 59 N.W.2d 283 (1953); Grocers Supply Co. v. Stuckey, Tex.Civ.App., 152 S.W.2d 911 (1941).

The appellant's testimony established his qualifications to engage in work other than farming or trucking. That he could have elected to return to those occupations is a relevant circumstance in the determination of his earning capacity.

■ The test as to remoteness is that if the offered evidence is so remote as to have no probative value it should be excluded but if it is relevant and has some degree of probative value, however small, it is admissible, and its weight is for the jury. Mason v. Stengell, Ky., 441 S.W.2d 412 (1969).

■ We conclude that the evidence relating to prevailing wage rates for occupations other than farming in which appellant was qualified to work was erroneously excluded because this proof directly related to his loss of power to earn money. Its exclusion was prejudicial. A new trial must be directed.

The foregoing disposition of the case obviates the necessity to consider appellant's second allegation of error.

In view of the fact that the jury found against the appellees on the issue of liability, which finding is not challenged by cross-appeal in this court, and we are not cited to any manifest injustice which would result from a limited retrial, the retrial should be limited to the issue of damages. Nolan v. Spears, Ky., 432 S.W. 2d 425 (1968).

The judgment is reversed with directions that appellant be granted a new trial in conformity with this opinion.

STEINFELD, C. J., and OSBORNE, MILLIKEN, EDWARD P. HILL, REED and NEIKIRK, JJ., concur.

PALMORE, J., not sitting.