**Ronald FERGUSON,
Plaintiff–Appellant,**

v.

**UNITED STATES ARMY,
Defendant–Appellee.**

**No. 90–5992.**

United States Court of Appeals,
Sixth Circuit.

Argued May 16, 1991.

Decided July 3, 1991.

Joseph S. Elder, II (argued), Louisville, Ky., for plaintiff-appellant.

Joseph M. Whittle, U.S. Atty., Scott C. Cox, Asst. U.S. Atty. (argued), Office of the U.S. Atty., Louisville, Ky., for defendant-appellee.

Before MERRITT, Chief Judge, and NORRIS and SUHRHEINRICH, Circuit Judges.

MERRITT, Chief Judge.

Plaintiff appeals the District Court's denial of recovery against the Army based on several liability theories advanced pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* We reverse and remand as to the emotional distress claim.

### BACKGROUND

The essence of this action is that defendant failed to correct its records, thereby causing plaintiff to be arrested in 1985 for desertion and other military offenses. At some point prior to 1980, plaintiff's wallet, including various forms of identification, was lost or stolen. Another individual, unknown to plaintiff, assumed plaintiff's identity and began using his social security number. This imposter joined the military purporting to be plaintiff. Plaintiff never has served in the military.

In 1980, plaintiff began having problems as a result of the imposter's activities. In that year, plaintiff received a letter from the Internal Revenue Service indicating that he had failed to report military income. In 1982, plaintiff contacted his U.S. Senator, Wendell Ford, about the situation. Someone in Senator Ford's office succeeded in getting the I.R.S. to acknowledge the problem caused by the imposter and to issue plaintiff a temporary social security number. It is uncontroverted that plaintiff contacted defendant in 1982 regarding the imposter and sent to defendant the correspondence that had transpired between the Senator's office and the I.R.S.

In 1985, a local police officer found plaintiff in a car allegedly engaging in sexual activity with a woman known to the policeman as a prostitute. The officer arrested the woman and performed a background check on plaintiff. Upon discovering that plaintiff had apparently deserted from the Army, the officer arrested plaintiff on desertion charges. Plaintiff was incarcerated in the county jail for one night. The military police then took plaintiff into custody and jailed him an additional two days. According to plaintiff's uncontroverted testimony, the military police shackled, handcuffed, strip-searched, and cavity-searched plaintiff after taking him into custody. Only after plaintiff's congressman intervened did defendant release plaintiff from custody.

### DISCUSSION

In his complaint, plaintiff asked for damages for loss of his job, emotional and physical distress, and injury to his reputation as a result of defendant's negligence in falsely arresting him. As to the emotional distress claim, we reverse and remand because the District Court erred as to both its alternative reasons for not allowing recovery.

### I. PHYSICAL CONTACT OR INJURY

The District Court first held that plaintiff could not recover for emotional distress under the Federal Torts Claim Act because it found that defendant had not injured or had contact with plaintiff sufficient to permit recovery. Under the Federal Tort Claims Act, the Government may be sued for money damages "under circumstances where the United States, if a private person, would be liable" under applicable state law. 28 U.S.C. § 1346(b). All parties agree that Kentucky law applies to this action.

To recover for fright, shock or mental anguish, Kentucky law requires accompanying "physical contact or injury" because "such damages are too remote and speculative, are easily simulated and [are] difficult to disprove...." *Morgan v. Hightower's Adm'r*, 291 Ky. 58, 59–60, 163 S.W.2d 21, 22 (1942). Even so, the "amount of physical contact or injury that must be shown is minimal." *Deutsch v. Shein*, 597 S.W.2d 141, 146 (Ky.1980). Even "slight, trifling, or trivial" contact will support a cause of action, *id.* (citing *Kentucky Traction & Terminal Co. v. Roman's Guardian*, 232 Ky. 285, 23 S.W.2d 272, 275 (1929)), so long as the damages emanating from the emotional distress are "related to, and the direct and natural result of, the physical con-

tact or injury sustained." *Deutsch,* 597 S.W.2d at 146 (citing *Hetrick v. Willis,* 439 S.W.2d 942, 943 (Ky.1969)).

 In *Deutsch,* a plaintiff claimed mental distress as a result of being unnecessarily bombarded with x-rays while pregnant as a result of a doctor's negligence. The Kentucky Supreme Court found "no difficulty" in concluding that the unnecessary x-rays amounted to sufficient physical contact to support a cause of action for mental distress. *Deutsch,* 597 S.W.2d at 146. In light of *Deutsch* and other Kentucky cases, the physical contact visited upon plaintiff incident to his arrest is sufficient to allow him to go forward with a cause of action based on emotional distress.

## II. CAUSATION

In the alternative, the District Court ruled that, even if plaintiff met the physical contact requirement for an emotional distress claim, plaintiff still could not recover because he failed to establish the causal connection between any such negligent contact and his mental distress. In its findings of fact and conclusions of law, the District Court noted that it could not find that "the arrest *alone* triggered the plaintiff into a dysfunctional state" or that "the plaintiff's condition was caused *solely* by the Government's actions." (emphasis added).

 The District Court correctly found that defendant owed plaintiff a duty to correct its records and that defendant negligently breached this duty, citing *M & T Chemicals, Inc. v. Westrick,* 525 S.W.2d 740 (Ky.1974). In order to find liability for a negligent act, there must also be a finding of proximate or legal cause. *Deutsch,* 597 S.W.2d at 143. We find that the District Court erred in its analysis of proximate cause, specifically by applying the incorrect standard and requiring plaintiff to prove defendant's negligent action was the *sole* cause of his damages.

In order to find legal cause, Kentucky courts require both that an actor's negligent conduct be "a substantial factor in bringing about the harm" and that there be no public policy reason for relieving the negligent party from liability. *Id.* at 144 (quoting from the Restatement (Second) of Torts § 431 (1965)). At the outset, we note that defendant raises no valid reason of public policy for relieving it from liability in such circumstances as these. As the District Court concluded, defendant's failure to correct its records after notice, or at least fully investigate the matter, is inexcusable, especially in light of the likelihood and seriousness of a false arrest and the fact that plaintiff voluntarily approached defendant in order to avoid potential problems such as the one that gave rise to this action.

As to the other prong of proximate cause, we find that the phrase "substantial factor" must be given its ordinary meaning. *See* Restatement (Second) of Torts § 431 comment a (1965). In contrast to the language used by the District Court, the *Deutsch* court notes that "[t]he word 'substantial' is used to denote the fact that the defendant's conduct has such an effect in producing the harm as to lead reasonable men to regard it *a cause* ... in which there lurks the idea of responsibility...." *Deutsch,* 597 S.W.2d at 144 (quoting from the Restatement (Second) of Torts § 431 comment a (1965)) (emphasis added). In requiring that defendant's negligence be the *sole* cause of plaintiff's injury, instead of only a "substantial factor," the District Court misapplied applicable law.

Because the District Court used an incorrect legal test for causation, we find its ruling on the issue of causation to be clearly erroneous. Additionally, in our view, sufficient physical contact occurred incident to plaintiff's arrest to support a cause of action for emotional distress. The District Court's ruling on the emotional distress claim is REVERSED and REMANDED. We find no merit in plaintiff's other arguments and therefore affirm the District Court's decision against plaintiff as to all other claims.