96 F.3d 1448
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dorothy MAJOR and Marquita Dickison, Plaintiffs-Appellants,
v.
GENERAL MOTORS CORPORATION, Defendant-Appellee.
 No. 94-5963.
 United States Court of Appeals, Sixth Circuit.
 Sept. 4, 1996.
 
 Before: JONES and DAUGHTREY, Circuit Judges, and GIBSON,* District Judge.
 PER CURIAM.
 
 
 1
 In our initial order, we certified to the Kentucky Supreme Court the dispositive question of law in this diversity case--whether Kentucky law permits the recovery of damages for emotional distress caused by witnessing a negligently caused injury to another person, if the plaintiff also came in contact with the cause of the other person's injury. That court has now sent notice that it will not accept certification. We are therefore persuaded that the answer to the question is controlled by the most recent opinion of the Kentucky Supreme Court bearing directly on the issue of recovery for infliction of emotional distress, that being Deutsch v. Shein, 597 S.W.2d 141 (Kentucky 1980).
 
 
 2
 In Deutsch, the court held, as it had in prior cases, that in seeking damages for emotional distress, a plaintiff must prove some physical contact with the cause of the mental distress. Although the court noted that "the amount of physical contact or injury that must be shown is minimal," the court nevertheless held that "the damages for mental distress sought to be recovered [must] be related to, and the direct and natural result of, the physical contact or injury sustained." Id. at 146 (citing Hetrick v. Willis, 439 S.W.2d 942, 943 (Ky.App.1969)).
 
 
 3
 In this case, the district court found as a matter of undisputed fact "that neither Dorothy Major nor Marquita Dickison received any burn injuries from the fire that injured Rita Meenach. Major and Dickison simply witnessed the burn injuries sustained by Rita Meenach. Thus," the district judge concluded, "when Kentucky's well-settled rule is applied that a claim for emotional distress must be accompanied by physical injury to contact to the person bringing the claim, it is clear that the claims of Major and Dickison for emotional distress cannot stand."
 
 
 4
 We note, as pointed out in our certification request, that the two plaintiffs were, as a matter of fact, injured in the wreck that produced the fire and ultimately caused Rita Meenach's death, even though the burns and other injuries they suffered were apparently minor. We conclude that the district judge's finding to the contrary is not supported by the record and is, therefore, clearly erroneous.
 
 
 5
 Under the ruling in Deutsch, however, this error is irrelevant, because the emotional distress for which the plaintiffs seek to recover is not that arising from their own injuries, but the emotional distress they suffered from witnessing the injuries sustained by a third party, Rita Meenach. Hence, that emotional distress was not, in the words of Deutsch, "the direct and natural result of [ ] the physical contact or injury sustained" by the plaintiffs themselves and cannot give rise to a separate cause of action under Kentucky law.
 
 
 6
 That law may be more restrictive than the law of recovery for emotional distress in a majority of other jurisdictions. It may strike us as too restrictive, especially given the nature of the tragedy that the plaintiffs endured in this case. But, if there is to be a loosening of restrictions under Kentucky law, it is for the courts of that state to determine and not our prerogative to declare.
 
 
 7
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Hon. Benjamin F. Gibson, United States District Judge for the Western District of Michigan, sitting by designation