**Cindy WILHOITE and Melvin Wilhoite, Appellants,**

v.

**Larry G. COBB, Appellee.**

**No. 87–CA–2011–S.**

Court of Appeals of Kentucky.

Sept. 16, 1988.

Discretionary Review Denied by Supreme Court Jan. 11, 1989.

Peter Perlman, Lexington, for appellants.

Oscar H. Geralds, Jr., Lexington, Ky., John M. Berry, Jr., New Castle, Ky., for appellee.

· Before CLAYTON, COMBS and WILHOIT, JJ.

WILHOIT, Judge.

This is an appeal from a summary judgment by the Owen Circuit Court dismissing the claim of the appellant, Cindy Wilhoite, for damages for her mental pain and suffering, medical expenses, and impairment of her earning ability as the result of witnessing an accident which led to the death of her infant daughter. The child died from injuries caused by the appellee, Larry G. Cobb, when the truck he was driving left the road and struck her. Mrs. Wilhoite's claim, based upon negligence and outrageous conduct, was set out in a complaint which also sought recovery for the child's wrongful death.

The wrongful death claim was settled, after which the court granted summary judgment as to Mrs. Wilhoite's claim for her mental distress suffered by witnessing the tragic accident resulting in her daughter's death.

The long-standing rule in this jurisdiction is that in negligence cases there can be no recovery for fright, shock, or mental anguish which is unaccompanied by physical contact or injury. *Deutsch v. Shein,* Ky., 597 S.W.2d 141 (1980). It might be questioned whether there is any logical difference between the X-rays which caused the mother distress in that case and the light rays which caused the mother distress in this case. The distinction to which the Court seems to be adhering is that the thing which causes the injury to a victim must also come in contact with the witness for that witness to recover for mental distress. We are bound by this precedent. *See* SCR 1.030(8)(a). Mrs. Wilhoite did not herself receive any physical contact or injury from the appellee; therefore, we conclude that the court did not err in dismissing her claim insofar as it was based upon the tort of negligence. *See Hetrick v. Willis,* Ky., 439 S.W.2d 942 (1969).

The appellant argues, however, that her claim was improperly dismissed insofar as it was based upon the tort of "outrageous conduct." That tort was recog-

nized by our Supreme Court as consisting of intentionally or recklessly causing severe emotional distress to another by extreme and outrageous conduct in *Craft v. Rice,* Ky., 671 S.W.2d 247 (1984), when the Court adopted at least subsection (1) of Section 46 of the Restatement (Second) of Torts. Subsection (2) of Section 46 would make an actor liable to a member of a victim's immediate family when, by his outrageous conduct directed at the victim, the actor has intentionally or recklessly caused severe emotional distress to the family member who is then present. Whether or not subsection (2) also would be recognized as a part of our common law need not be now considered by us because there is no evidence in the record that the appellee's conduct was extreme and outrageous, although the result was certainly horrendous.

In *Craft v. Rice, supra,* the Court was dealing with alleged conduct of the tortfeasor which it said "is a deviation from all reasonable bounds of decency and is utterly intolerable in a civilized community." *Id.* at 250. Comment d to Section 46 of the Restatement (Second) of Torts (1965), in discussing what is "extreme and outrageous conduct," states that "[l]iability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency...." Taking the evidence most favorable to the appellant, the appellee's conduct was at worst negligent and inattentive. The appellee was not driving at an excessive speed when he left the road, and there is no evidence that he was intoxicated. In fact, Mrs. Wilhoite admitted that there was not "anything unusual about the way [the truck] was being operated." The child was three to four feet off the road sitting on her "big wheel" in grass which was two to two and one-half feet high. While Mrs. Wilhoite could see her child from where she was standing, there is no evidence that the appellee saw, or could have seen, the child when he rounded a curve and veered off the side of the road after the appellant's brother-in-law had "hollered to tell him that there was children playing and to slow down."

The judgment of the circuit court is affirmed.

Further, pursuant to CR 76.15(3)(A), the application of CR 76.20 and CR 76.32, as well as other appropriate rules of civil procedure for further appellate steps, is reinstated effective the date of this opinion.

All concur.