Rita ALLEN, Individually, and Rita Allen, as Parent and Next Friend of Karen Marie Allen, a Minor, Brenda Gail Allen, a Minor, and Marsha Kay Allen, a Minor, Appellants,

v.

Jerry CLEMONS and Paulette Clemons, Appellees.

William H. ALLEN, Appellant,

v.

Jerry CLEMONS and Paulette Clemons, Appellees.

Nos. 94–CA–003024–MR, 94–CA–003026–MR.

Court of Appeals of Kentucky.

May 3, 1996.

Ronald E. Hines, Elizabethtown, William Lloyd Turner, Louisville, for appellants in 94–CA–3024–MR.

Gary L. Napier, Cindy Harrington Napier, Napier & Napier, P.S.C., Louisville, for appellant, William H. Allen.

John W. Bland, Jr., Bland, Howard and Birdwhistell, Elizabethtown, for appellees.

Before LESTER, C.J., and HOWERTON and KNOPF, JJ.

LESTER, Chief Judge.

These are appeals from judgments dismissing the complaints of appellants alleging outrageous conduct as amended to include the allegation of malicious prosecution.

The trial court very succinctly stated the factual background as follows:

The material facts in this case and the criminal case which was the forerunner of this action, are not in dispute and are as hereinafter set forth.

On November 2, 1992, the Grayson County Grand Jury returned a multiple count indictment against the Plaintiff herein. The indictment charged him with numerous counts of sexual misconduct with his biological daughter, who was a child less than 16 years of age at the time of the various alleged offenses. The Defendant was tried by a jury on October 11, 1993 and was found guilty of Two (2) Counts of Sexual Abuse in the First Degree and Two (2) Counts of Sexual Abuse in the Third Degree. The Commonwealth offered evidence from six or seven females who each testified that they too had been sexually abused by William Allen during their adolescence. At least one (1) of the females testifying as to her abuse by William Allen was the daughter of Jerry Clemons, the Defendant herein. William Allen filed an appeal from his criminal conviction and was granted bond pending appeal. As of this date the appeal is still pending.

Subsequent to the criminal conviction of William Allen, the Defendant herein erected a sign, or billboard, in his yard which stated, "Danger–Child Molester in the Community". All parties agree that the message on the sign was referencing the Plaintiff in this action.

It is the Plaintiff's position that the act of erecting the sign and permitting it to remain in public view is sufficient to establish the tort of "outrageous conduct."

William Allen and Rita Allen, for herself and her children, brought separate actions against the appellees, both of which were dismissed upon motion by the Clemons', following leave to amend the complaint to include malicious prosecution. We should emphasize that we are not cited to, nor do we find in the record any requested leave to amend the complaint, so as to allege libelous conduct and absent such a request, there is

nothing requiring a trial court to initiate such action on behalf of a party.

### NO. 94–CA–003024–MR

■ Rita Allen's complaint is based solely upon the tort of outrageous conduct, a cause of action first recognized in this jurisdiction in *Craft v. Rice*, Ky., 671 S.W.2d 247 (1984), wherein the Court adopted *Restatement (Second) of Torts* § 46(1) only. By this we mean the Supreme Court did not adopt § 46(2) which is the only subsection of § 46 that would afford Rita Allen a basis for her allegation. In *Wilhoite v. Cobb*, Ky.App., 761 S.W.2d 625 (1988), we declined to address subsection (2) as we do in this instance, because that is a function more properly addressed to our court of last resort and for the additional reason that we fail to perceive any outrageous conduct within the meaning of subsection (1) as interpreted by the published opinions within this jurisdiction.

### NO. 94–CA–003026–MR

■ William Allen was convicted of four counts of varying degrees of sexual abuse in October of 1993. On March 10, 1995, prior to the filing of any briefs herein, this Court affirmed the convictions. Thereafter, the Supreme Court denied discretionary review and our opinion is now final. When appellant filed his brief on May 5, 1995, he failed to mention our affirmance.

The trial court, in its order of November 24, 1994, after reviewing the outrageous conduct cases preceding *Humana of Kentucky, Inc. v. Seitz*, Ky., 796 S.W.2d 1 (1990), quoted from that opinion to the effect:

> "It has not been enough that the Defendant has acted with an intent which is tortious ... or that he has intended to inflict emotional distress, or even that his conduct has been characterized by malice ... liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community."

and then went on to reason:

> In considering the Defendant's Motion to Dismiss, this Court will assume that the Defendant's actions were malicious in nature. And that the specific purpose of erecting the sign was to inflict upon William Allen emotional pain by publicizing the fact that he was a convicted child abuser. The Court will further assume that William Allen did suffer extreme emotional discomfort.
>
> Coupled with the foregoing assumptions are certain facts that as of this date are irrefutable and should also be considered in deciding if the actions of the Defendant herein were outrageous and if as a matter of law damages can result therefrom.
>
> On October 19, 1993, and upon a jury verdict, this Court entered a Judgment finding the Defendant guilty of two counts of Sexual Abuse in the First Degree and two counts of Sexual Abuse in the Third Degree, and that by Judgment also dated October 19, 1993 the Defendant was committed to the Department of Corrections for a period of two years. That the trial, judgment pronouncing guilt, and Judgment imposing sentence were all done in open Court. That news of the indictment, the Defendant's conviction and follow up information, was aired on the public radio and in the local newspapers. Accordingly, the singular act of erecting a billboard in an isolated section of the County was unlikely to further spread the word of the Plaintiff's conviction.
>
> This Court does not approve, nor endorse the erection of the billboard by the Defendant herein. Neither the Defendant's guilt, nor the imposition of punishment should be in the Court of public opinion, but rather a court of law. However, considering the circumstances this Court finds as a matter of law that the erection of the billboard does not reach the level of outrageous conduct necessary to constitute a tort.
>
> Finally, the circumstances of this case are entirely different from every other case of outrageous conduct previously addressed and published by our Appellate Courts. In each prior case, the Plaintiff was innocent (Craft was tried and found not guilty) of any wrongdoing and, thus,

his emotional pain, if any, could be traced directly to the alleged wrongdoer. That simply is not true in the present action. The pain and suffering endured by the Plaintiff, William Allen, is directly attributable to his own wrongdoing. It was he who has been convicted by a jury of his peers of abusing a female child. The pain and suffering he has and is enduring is the direct and proximate result of his sexual perversions becoming public knowledge. Throughout the history of civilized man we have operated on the premise that you don't kill the messenger boy, which is what the Plaintiff herein wants to do. Accordingly, this Court finds that the damages sustained by William Allen, if any, are a direct and proximate result of his criminal conduct and not a result of the Defendant's actions.

We note that *Comment F of Restatement (Torts) Second* § 46 in part states that "the mere fact that the actor knows that the other will regard the conduct as insulting, or will have his feelings hurt, is not enough." This Court, quoting Judge Daniel Venters of the Pulaski Circuit Court, in *First and Farmers Bank of Somerset v. Henderson,* Ky.App., 763 S.W.2d 137, 143 (1988), pointed out that not every bad act gives rise to a cause of action for the intentional inflection of severe emotional distress. If William Allen had not sexually abused several children, including one of his own and one of appellees', there would have been no sign and thus, no distress.

The judgments are affirmed.

All concur.