RENDERED: FEBRUARY 23, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky
# Court of Appeals

NO. 2022-CA-0098-MR

JOSEPH MIRUS                                               APPELLANT

                         APPEAL FROM ROWAN CIRCUIT COURT
v.                 HONORABLE WILLIAM EVANS LANE, JUDGE
                            ACTION NO. 17-CI-90100

TAYLOR LANDS AND KENTUCKY
FARM BUREAU MUTUAL
INSURANCE COMPANY                                APPELLEES

OPINION
AFFIRMING

\*\* \*\* \*\* \*\* \*\*

BEFORE: ACREE, EASTON, AND JONES, JUDGES.

ACREE, JUDGE: Joseph Mirus, Appellant, appeals the Rowan Circuit Court's

January 12, 2022 jury trial verdict and judgment that Appellee, Taylor Lands, was

not liable for an automobile collision. Appellant argues the circuit court erred in

granting the two co-defendants – Lands and Kentucky Farm Bureau Mutual

Insurance Company (KFB) – three peremptory strikes each during jury selection. Finding no error, we affirm.

## BACKGROUND

While driving, Lands' brakes failed. Traffic was stopped in front of him, so he attempted to avoid a collision by veering off the road. In doing so, Lands' vehicle struck the side of Appellant's vehicle.

Appellant sued Lands for negligence and sued KFB on his contract with KFB for underinsured motorist (UIM) insurance. Appellant settled with Lands' liability insurance carrier for $39,000; Lands' policy limit was $50,000. Appellant did not settle his UIM claim against KFB. To pursue subrogation against Lands, KFB advanced $39,000 to Lands' liability insurance carrier in accordance with KRS[1] 304.39-320(4).[2]

A jury trial commenced in December 2021. After determining co-defendants Lands and KFB had antagonistic interests, the court granted each party – Appellant, Lands, and KFB – three peremptory strikes at voir dire.

---

[1] Kentucky Revised Statutes.

[2] KRS 304.39-320 provides: "If an underinsured motorist insurer chooses to preserve its subrogation rights by refusing to consent to settle, the underinsured motorist insurer must, within thirty (30) days after receipt of the notice of the proposed settlement, pay to the injured party the amount of the written offer from the underinsured motorist's liability insurer. Thereafter, upon final resolution of the underinsured motorist claim, the underinsured motorist insurer is entitled to seek subrogation against the liability insurer to the extent of its limits of liability insurance, and the underinsured motorist for the amounts paid to the injured party."

Because Lands' defense was that his brakes failed, the court instructed the jury on the defense of sudden emergency. The jury rendered a defense verdict for Lands, finding him not liable for the accident. Appellant now appeals.

## ANALYSIS

Lands argues Appellant failed to adequately demonstrate his argument was preserved for appeal. We agree.

Appellant begins the substance of his argument without the required Statement of the Case. CR[3] 76.12(4)(c)(iv).[4] His Argument section begins without the required "statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner." CR 76.12(4)(c)(v). The time to object to the number of strikes allowed is when the trial court grants them. There is nothing in any of the three parties' briefs that suggests Appellant objected.

We are aware that the Appellant says, midway through his argument, that "[t]hese issues were properly preserved once the Notice of Appeal was filed timely as to the Trial Verdict and Judgment that was entered on January 12, 2022." (Appellant's Brief, p. 6.) This does not suffice to preserve for our review this argument that the trial court allowed too many peremptory strikes.

---

[3] Kentucky Rules of Civil Procedure.

[4] At the time the parties filed their briefs, CR 76.12(4)(c) was still in effect. It has since been replaced by Kentucky Rule of Appellate Procedure (RAP) 32(A).

"[I]t is the accepted rule that a question of law which is not presented to or passed upon by the trial court cannot be raised here for the first time." *Jones v. Livesay*, 551 S.W.3d 47, 52 (Ky. App. 2018). Because there is no reason for this Court to conclude the trial court was given that opportunity, this Court is under no obligation to review Appellant's appeal.

However, we see no error by the trial court. "In civil cases each opposing side shall have three peremptory challenges, but co-parties having antagonistic interests shall have three peremptory challenges each." CR 47.03. Courts employ a three-element analysis to determine if co-parties have antagonistic interests entitling them to their own peremptory challenges: (1) "whether the coparties are charged with separate acts of negligence"; (2) "whether they share a common theory of the case"; and (3) "whether they have filed cross-claims." *Nichols v. Hazelip*, 374 S.W.3d 333, 338 (Ky. App. 2012) (quoting *Sommerkamp v. Linton*, 114 S.W.3d 811, 815 (Ky. 2003)). The absence of crossclaims is not dispositive as to the existence of antagonistic interests. *Sommerkamp*, 114 S.W.3d at 816.

Additional factors include: "whether the defendants are represented by separate counsel; whether the alleged acts of negligence occurred at different times; whether the defendants have individual theories of defense; and whether fault will be subject to apportionment." *Id.* at 815. Further, "the clear language of

[CR 47.03] does not require the defendants to demonstrate a certain degree of antagonism, but only the existence of antagonism between" them. *Id*. at 816. The determination as to whether co-parties have antagonistic interests is necessarily made prior to trial. *Bayless v. Boyer*, 180 S.W.3d 439, 448 (Ky. 2005). Co-parties may still have antagonistic interests, even if they employ a common defense strategy. *Id*.

Even under a manifest injustice review, we have detected no error.

## CONCLUSION

Based on the foregoing, we affirm the Rowan Circuit Court's January 12, 2022 Trial Verdict and Judgment.

ALL CONCUR.

BRIEF FOR APPELLANT:

Jarrod Bentley
Prestonsburg, Kentucky

BRIEF FOR APPELLEE TAYLOR LANDS:

William H. Willhoit
Grayson, Kentucky

BRIEF FOR APPELLEE KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANY:

Farrah W. Ingram
Mt. Sterling, Kentucky